SUTHERLAND PAPER CO. v. GRANT
PAPER BOX CO. et al.

Civ. No. 6013.

United States District Court
W. D. Pennsylvania.

Sept. 23, 1948.

See also D.C., 7 F.R.D. 358.

Mahlon E. Lewis, of Pittsburgh, Pa., for plaintiff.

Christy, Parmelee & Strickland, of Pittsburgh, Pa., for defendants.

GIBSON, Chief Judge.

The defendants, Grant Paper Box Company and Carl G. Dreymann, have filed a motion under Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A. for Discovery and Production of Documents and Things for Inspection, Copying, or Photographing.

Although the new rules have greatly liberalized the discovery processes, and by the amendments the permitted scope of inquiry of Rule 26(b) has been incorporated into Rule 34, discovery under Rule 34 is still not a matter of right. Rule 34 requires that the moving party show good cause. Defendants' allegations or conclusions that good cause exists are not in themselves sufficient.

Paragraphs 1, 2 and 3 of defendants' motion and so much of paragraph 4 which requests the plaintiff to furnish defendants laminated commercial board, having been consented to by the plaintiff should be granted. For the purposes of the trial it is unnecessary for the plaintiff to furnish boxes, so long as the board furnished is taken from the boxes on the production line.

418

All samples furnished should be identified and the plaintiff be permitted to retain a portion of each for the trial.

It is unnecessary to consider the extent of the discovery sought by paragraphs 5 through 13 because it is the opinion of the court that the defendants have failed to meet the requirements of Rule 34 by not showing good cause for the granting of this portion of the motion.

### Order.

And now, to wit, September 23rd, 1948, the above entitled cause having come on to be heard, and upon consideration thereof, it is Ordered and Adjudged as follows, viz.:

That paragraphs 1, 2 and 3 of defendants' motion for Discovery be and hereby are granted.

That so much of paragraph 4 which requests plaintiff to furnish defendants samples of laminated commercial board of the type involved in this litigation, be and hereby is granted.

That all samples furnished the defendants be suitably identified and a portion of each be retained by the plaintiff for trial purposes.

That defendants inspect plaintiff's plant on or before September 30, 1948, at Kalamazoo, Michigan, at which time copies of records can be made and samples obtained from the production line.

That paragraphs 5 through 13 of defendants' motion be and hereby are denied.

### Memorandum.

The plaintiff has satisfactorily answered twenty six of the interrogatories propounded by the defendants but has objected to eight.

Interrogatory No. 3 asks the party interrogated if he has made such inquiry as will enable him to make full and complete answers. The objection to this interrogatory is proper since Rule 33 requires that the interrogatories be answered by the party served or if a corporation by any officer or agent, who shall furnish such information as is available to the party. This interrogatory is unnecessary.

Interrogatories 25 and 27 ask for dates of the prior use alleged by the plaintiff. The plaintiff has agreed to furnish these dates if the defendant in turn will furnish the earliest date upon which it will rely. An exchange of dates would facilitate matters at the trial but the plaintiff should not be placed at a disadvantage by furnishing the defendant with dates without receiving, at the same time, dates from the defendant.

Interrogatories 26, 29, 31, 32 and 33 are all objectionable as asking for plaintiff's contentions or opinions.

### Order.

And now, to wit, September 23rd, 1948, the plaintiff's objections to the defendants' interrogatories are hereby sustained.

### Memorandum.

By the plaintiff's action a declaratory judgment is sought by which the defendants' Patent No. 2,031,036 is held to be invalid or not infringed by the plaintiff. The defendants' counterclaim alleges a subsisting license agreement between the parties, an accounting for royalties and alternatively, an injunction restraining the plaintiff from infringing. The plaintiff by its answer to the counterclaim challenges defendants' right to assert their counterclaim by presenting the issue of unclean hands.

The defendants have filed a motion under Rule 56, Federal Rules of Civil Procedure, for summary judgment as to the defense of unclean hands as set forth in paragraphs 21 through 25 of plaintiff's answer to the counterclaim.

It is unnecessary to consider whether the defendants' motion is proper under Rule 56 because the matters presented by this motion have been heretofore determined by this court in its ruling filed June 24, 1947, denying defendants' motions for judgment on the pleadings and for a separate trial. The defendants will not be permitted to re-argue these issues under the guise of a motion under Rule 56.

### Order.

And now, to wit, September 23rd, 1948, the above entitled cause having come on

to be heard, and upon consideration thereof, it is Ordered and Adjudged that the defendants' motion for summary judgment under Rule 56 be and hereby is denied.