Cheshire,
Feb. 3, 1953. } No. 4187.

MARVIN H. RUSSELL *v.* ERNEST J. CROTEAU.

*Arthur Olson* (by brief and orally), for the plaintiff.

*William H. Watson* and *William H. Watson, Jr.,* (*Mr. Watson, Jr.* orally), for the defendant.

KENISON, C. J. The general principle of tort law that controls this case has been well stated in the Restatement, Torts, *s.* 766: "One who, without a privilege to do so, induces or otherwise purposely causes a third person not to . . . enter into or continue a business relation with another is liable to the other for the harm caused thereby." This principle was given limited recognition in this state in some early cases involving existing contracts between master and servant (*Bixby* v. *Dunlap,* 56 N. H. 456; *Campbell* v. *Cooper,* 34 N. H. 49) but later was extended to other business rela-

tions in *Moody* v. *Perley*, 78 N. H. 17, and to prospective employment in *Huskie* v. *Griffin*, 75 N. H. 345. It is true that the *Huskie* decision discusses interference with contractual relations in terms of fraud, force, malice, illegal motive and malicious motive, but the hard core of that decision is still consistent with the general principle that the plaintiff has a legal right in his contractual relations with which the defendant cannot interfere without a privilege or justification for so doing. The quotation from Prosser, Torts, 974 note, is pertinent: "We do not need the House of Lords to tell us that a wrongful procurement of a breach of contract is wrongful or that an unlawful act or one without lawful justification is unlawful." There was nothing to require that the defendant's motion be granted as a matter of law. Anno. 29 A. L. R. 532; *Owen* v. *Williams*, 322 Mass. 356.

This brings us to the question of whether the evidence justified the verdict for the plaintiff in this case. The defense in this case does not rely on privilege or justification but consists of a denial of any intent to injure the plaintiff or of any statement or deed which could have caused harm to the plaintiff. The difficult question of deciding the limit and extent of the factors that determine the privilege or justification is therefore not involved here. Restatement, Torts, s. 767. We may consider the evidence in the light of the proposition that purposeful interference with contractual relations without justification is a tort. Anno. 26 A. L. R. (2d) 1227; Restatement, Torts, s. 766, *comment* m; Prosser, Torts, s. 104; Note, Interference with Profitable Relations, 32 B. U. L. Rev. 214. If the jury believed the evidence on behalf of the plaintiff they could find that the defendant pursued a continuous and consistent policy of interfering with plaintiff's employment which was calculated to and did bring about his dismissal. If the jury believed the defendant's evidence he was blameless in thought and deed and in no way connected with the plaintiff's dismissal from his employment. The jury was free to choose one of these two alternatives and we cannot say the choice was without support in the evidence. *Huskie* v. *Griffin*, 75 N. H. 345, 352.

The defendant contends that there was no causal connection between his conduct and the plaintiff's dismissal and that the plaintiff was dismissed solely because a customer had written a letter saying that the plaintiff had been rude to the customer. The weakness of this contention lies in the proposition that the jury was not obliged to believe that this was the sole reason or the real reason for the

plaintiff's dismissal.  Restatement, Torts, *s*. 766, *comment* j.  The jury could believe it was merely an excuse in view of the testimony that plaintiff was dismissed for another reason the nature of which is not stated in this record.  Furthermore there was evidence that the letter was not postmarked and also that the defendant told the general manager that he would like to "get rid of" the plaintiff as soon as possible.

The plaintiff kept a book of work performed by him daily from December 27, 1949, until his dismissal in February, 1950.  The book was admitted as an exhibit to show the quantity of the work done after the court found that the plaintiff had no clear independent recollection of the entries at the time of the trial.  The plaintiff stated in substance that the record was correct and complete when made.  Under these circumstances the exhibit was properly admitted.  III Wig. Ev. (3rd *ed*.) *s*. 754; *Graves* v. *Railroad*, 84 N. H. 225.

*Judgment on the verdict.*

BLANDIN, J., was absent: the others concurred.