SANDERS

v.

INTERNATIONAL ASS'N OF BRIDGE, STRUCTURAL & ORNAMENTAL IRON WORKERS et al.

Civ. A. 765.

United States District Court, W. D. Kentucky, at Paducah. March 16, 1954.

Jos. J. Grace, Roy Vance, Andrew J. Palmer, Paducah, Ky., for plaintiff.

Mahlon R. Shelbourne, Francis T. Goheen and Jos. S. Freeland, Paducah, Ky., for defendants, Hobbs, Drake & Armstrong.

MILLER, Circuit Judge (sitting by designation).

This action was originally filed in the McCracken Circuit Court and was removed by the defendants Ray Armstrong, Charles Hobbs and Juel Drake to the United States District Court for the Western District of Kentucky. Plaintiff has moved to remand the action to the State court on the ground that the requisite diversity of citizenship does not exist.

The plaintiff is a citizen of Kentucky. His action is directed against the International Association of Bridge, Structural and Ornamental Iron Workers, which is an unincorporated voluntary association, and the members thereof, and also against certain individuals who are described as officers and agents of the International Association. The complaint alleges that the defendants are attempting to deprive the plaintiff of his office of Business Agent and Secretary-Treasurer of Local Union No. 595 by filing charges against him and hearing and deciding them adversely to the plaintiff before a board which was biased and unfair in proceedings which were biased and unfair, including such acts as refusing him representation by counsel and refusing his attorneys admission to the hearing. The officers and agents are citizens of Missouri, Illinois, Ohio, Tennessee and California. Accordingly, diversity of citizenship exists if the International Association, which is made a party defendant under its union name, is disregarded. Defendants contend that the International Association is not a legal entity, can not be sued in its union name, and should be disregarded. Plaintiff contends that it is suable in its union name and is legally a party to the action, and that for the purposes of citizenship we must consider the citizenship of its individual members, some of whom are residents of Kentucky, thus destroying diversity.

**392**

■ The Court of Appeals of Kentucky has held that an unincorporated voluntary association, such as a labor union, is not suable in the name of the association. United Mine Workers of America v. Cromer, 159 Ky. 605, 167 S.W. 891; Diamond Block Coal Co. v. United Mine Workers of America, 188 Ky. 477, 490, 222 S.W. 1079. Such associations are suable under Kentucky law by proceeding against representatives in the nature of a class action. Jackson v. International Union of Operating Engineers, 307 Ky. 485, 211 S.W.2d 138; International Union of Operating Engineers v. Bryan, Ky., 255 S.W.2d 471.

■ Under the federal law such a voluntary association can be sued in its union name. United Mine Workers of America v. Coronado Coal Co., 259 U.S. 344, 383–391, 42 S.Ct. 570, 66 L.Ed. 975. For purposes of jurisdiction the citizenship of its individual members is controlling. Levering & Garrigues Co. v. Morrin, 2 Cir., 61 F.2d 115, 117–118, affirmed 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062; Hettenbaugh v. Airline Pilots Ass'n Intern., 5 Cir., 189 F.2d 319, 320.

■ In determining the capacity to sue or be sued, the District Court will apply the law of the state in which the District Court is held. Rule 17(b), Federal Rules of Civil Procedure, 28 U.S.C.A.; Worthington Pump & Machine Corp. v. Local No. 259, D.C., 63 F.Supp. 411, 413. The Kentucky law is accordingly applicable.

■■ Under Kentucky law, naming the International Association as a defendant in its union name did not make the Union and the members thereof parties to the action. If the officers and representatives of the Union who are named as defendants are treated as representatives of the Union, thus proceeding against the Union by way of a class action, the citizenship of the officers and agents is considered in determining whether diversity of citizenship exists. Boesenberg v. Chicago Title & Trust Co., 7 Cir., 128 F.2d 245, 246, 141 A.L.R.

565; Philadelphia Local 192 v. American Federation of Teachers, D.C., 44 F. Supp. 345, 347.

■ Applying the foregoing principles to the present case, the requisite diversity of citizenship exists and plaintiff's motion to remand is overruled.