JESSE CABRAL *vs.* LOCAL No. 41, INTERNATIONAL MOLDERS AND FOUNDRY WORKERS UNION OF NORTH AMERICA.

JULY 16, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is an action of the case in assumpsit brought to recover damages for the alleged breach of a contract. It was heard in the superior court on defendant's demurrer to plaintiff's second amended declaration. The trial justice sustained the demurrer on all grounds and the plaintiff has duly prosecuted his bill of exceptions to this court.

The declaration alleges in substance that for more than six years prior to November 15, 1951 plaintiff had been employed in the foundry of the Builders Iron Foundry in Providence in this state and during that time had earned a certain status of seniority; that prior to October 4, 1950 and from that date to the filing of his declaration plaintiff was a member in good standing of the defendant union, hereafter sometimes called the union; that there existed and still exists an agreement between the union and the Builders Iron Foundry, hereinafter referred to as the employer, dated October 4, 1950, by which such union is recognized as the exclusive collective bargaining agency for all production employees of the foundry, which class includes the plaintiff, but specifically excludes certain other types of employees; and that by being recognized as a member of the union in good standing under the provisions of article II, section 1, of the agreement plaintiff thereby became and was a party to said agreement.

The plaintiff further alleges that on November 15, 1951 he was discharged from his employment by his employer without just cause and in violation of article X, section 1, of said agreement; that any employee claiming to be so

discharged could proceed as provided in article VI thereof; that he thereupon did proceed under said article but that the union did not comply therewith in that it failed to follow the provisions of said agreement, thereby violating its contractual duty owed to plaintiff under article IV, section 1, and article X thereof; and that, although often requested, the union has failed and refused to take any action in his behalf in respect to his reinstatement, whereby he has suffered damages including loss of employment, loss of wages and loss of seniority rights.

The demurrer sets out several grounds most of which state in various ways that the declaration does not show any contract, agreement, or promise on its part to do or perform any act for or on behalf of plaintiff; that the declaration sets out conclusions of law; and that it is otherwise insufficient, vague and uncertain. It does not appear that plaintiff is specifically named as a party in the agreement entered into by the union and the employer the breach of which agreement is alleged as the basis for his action. Therefore plaintiff's rights, if he has any, are solely by reason of his being a third party beneficiary under the agreement.

Such actions by an employee have been recognized and sustained when the circumstances warrant. Upon examination, most of the cases of that nature will be found to be by an employee against his employer growing out of an alleged breach of a labor agreement between the employer and the union of which the employee is a member. *H. Blum & Co.* v. *Landau,* 23 Ohio App. 426; *Cross Mountain Coal Co.* v. *Ault,* 157 Tenn. 461. However, in all such cases the right of an employee to maintain an action, whether against his employer or the union, rests upon a promise, undertaking, or agreement of some kind made by the defendant with the plaintiff employee to act in some specific manner for his benefit. In other words, a definite enforceable obligation moving from defendant to plaintiff must be alleged.

The case of *Grand International Brotherhood of Locomotive Engineers* v. *Couch*, 236 Ala. 611, as here, was an action by a member of a union against such union for breach of contract and for damages. It was brought because the union failed to act in connection with an attempt to adjust the employee's grievance with a railroad, his employer, thereby leading to the loss of his employment. The court held that the complaint stated no cause of action since no enforceable obligation on the part of the union to act was shown.

The defendant contends that the declaration here shows that plaintiff bases his action exclusively upon the agreement made by the employer and the union, which agreement by reference is made a part of the declaration. It is also urged that plaintiff has not shown any contract between them nor any contractual duty owed by defendant to plaintiff to act for and in his behalf. Upon consideration we are of the opinion that its contention is sound.

In our view the declaration itself does not set out in terms any definite promise, undertaking or agreement by defendant to act for or on behalf of plaintiff or to perform any contractual duty for him in the circumstances alleged. Further article VI, section 1, of the agreement deals only with the procedure to be taken in case of grievances thereunder. Nothing in the section has been brought to our attention which requires the union to act in such matters. Also plaintiff is authorized to deal directly with his employer if he wishes. No agreement, promise or contract on the part of the union in respect to acting for plaintiff or on his behalf appears to be contained in article VI as supporting any contractual duty owed to him by defendant.

The matter of seniority is covered by article IV, section 1. No promise, agreement or contractual duty on the part of the union for plaintiff's benefit is provided for in that article. If any difficulty occurs in agreeing on that subject it is to be taken up under the grievance procedure in article

VI hereinbefore referred to. Under article X the employer agrees that it will not discharge the employee without "just cause" which is defined in part in that article. Likewise there is no reference in article X to any promise, undertaking or contractual duty entered into by the union for plaintiff's benefit.

It would appear therefore from the declaration itself, which includes and is based on the provisions of the agreement between the employer and the union, that such provisions are largely procedural in nature under which plaintiff as an employee and member of the union acts alone, and that the union has made no promise, undertaking or agreement to act on behalf of plaintiff respecting the matters involved herein. In our opinion therefore there was no error in the ruling of the trial justice sustaining the demurrer.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Joseph G. Le Count,* for plaintiff.

*Coffey, Ward, Hoban & McGovern, Albert J. Hoban,* for defendant.