**Theobald J. CANUEL et al., Plaintiffs,**

v.

**Gregory OSKOIAN et al., Defendants.**

**C.A. No. 2361.**

United States District Court
D. Rhode Island.

May 12, 1960.

Milton Stanzler, Providence, R. I., for plaintiffs.

William J. Sheehan, of Adler, Pollock & Sheehan, Isadore Kirshenbaum, of Kirshenbaum & Kirshenbaum, Providence, R. I., for defendants.

DAY, District Judge.

This is a class action brought by the named plaintiffs on behalf of themselves and others similarly situated against the named defendants as representatives of a class comprising the membership of the Bakery & Confectionery Workers International Union of America, an unincorporated labor organization (hereinafter called "the International"). The com-

plaint is in five counts and seeks recovery of money damages as compensation for injuries allegedly sustained by the members of the plaintiff class as a result of the alleged tortious conduct of the defendants. Federal jurisdiction is founded on diversity of citizenship and the existence of a controversy in the required amount. 28 U.S.C.A. § 1332, as amended.

In each count the complaint alleges in substance that the plaintiffs and all the members of the class which they purport to represent are former members of the now defunct Independent Bakery Workers Union (hereinafter called "the Independent"); that the defendants and all the members of the class which they are alleged to represent are members of the International; that on November 28, 1956, pursuant to an election conducted by the National Labor Relations Board (hereinafter called "the Board"), the Independent was selected as the collective bargaining agent for the production and maintenance employees of the Great Atlantic & Pacific Tea Company (hereinafter called "the A. & P.") at its bakery in Cranston, Rhode Island; that on December 6, 1956, the Independent was duly certified by the Board as the collective bargaining agent for the said employees of the A. & P.; that the International had notice of the plaintiffs' employment and union affiliation as aforesaid; and that, subsequent to the organization of the Independent on April 12, 1956, the International and its members (who constitute the defendant class), together with others unnamed, pursued a course of conduct designed to prevent the Independent from representing the said production and maintenance employees of the A. & P., despite the election and certification of the Independent as aforesaid.

It is further alleged that thereafter the defendant class "maliciously and unlawfully interfered with the employment contract and rights" of the members of the Independent (Count I); that the de-

fendant class conspired with the A. & P. so to interfere (Count II); that the defendant class "intentionally and maliciously induced and persuaded" the A. & P. to discontinue the employment of the plaintiffs (Count III); that the defendant class conspired with the A. & P. to commit such inducement (Count IV); and that the defendant class conspired with the A. & P. to deprive the plaintiffs of their rights under the National Labor Relations Act, as amended, 29 U.S.C.A. § 151 et seq. (Count V). Money damages are demanded in each count by reason of loss of wages, suffering, humiliation and the like; punitive as well as compensatory damages are sought.

It should be noted parenthetically that the complaint also sets out at length allegations bearing on the propriety of a class action in the circumstances alleged and on the adequacy of representation of both the plaintiff class and the defendant class. These allegations are set out in detail in my earlier opinion herein, see Canuel v. Oskoian, 1959, D.C.R.I., 23 F.R.D. 307, and the sufficiency thereof has already been determined, see Canuel v. Oskoian, supra, affirmed sub nom. Oskoian v. Canuel, 1959, 1 Cir., 269 F.2d 311. No useful purpose would be served by covering this ground again at the present time.

The case is presently before me on the defendants' motion to dismiss, which motion is predicated on two grounds, viz.: (1) lack of jurisdiction over the subject matter, and (2) failure to state a claim upon which relief can be granted.

In support of the first ground of their motion, the defendants urge that the acts of which the plaintiffs complain and for which they seek damages are unfair labor practices within the purview of the National Labor Relations Act, as amended, 29 U.S.C.A. § 151 et seq.; and that primary and exclusive jurisdiction to hear and decide the issues raised in this action is vested by said Act in the Board.[1] In this connection, the defend-

1. It may be noted at this juncture that the Independent, on behalf of its members, did in fact file charges of unfair labor practices against the A. & P. re-

ants place great reliance on my decision in a related case, Gallogly v. Bakery and Confectionery Workers International Union, D.C.R.I.1960, 180 F.Supp. 778, and on the authorities cited therein.

This approach, however, overlooks a fundamental distinction between the Gallogly case and the case at bar. In Gallogly, no attempt was made to join the individual members of the International as defendants; and proper service was never obtained over the said union as an entity. Thus, the only defendant before the Court in Gallogly was the employer (the A. & P.). I held in that case that the complaint charged said defendant with acts constituting unfair labor practices, and held that this Court must therefore defer to the primary jurisdiction of the Board. But Gallogly was a case involving activities allegedly perpetrated by an employer to the detriment of its employees. It involved, as I there said at page 784 of 180 F.Supp., an alleged "violation of the fundamental rights which the federal law has undertaken to protect." [2] The situation is totally different in the case at bar, where the defendants are neither labor organizations nor employers—but merely individual members of a class.

In Oskoian v. Canuel, supra, the Court of Appeals clearly indicated that the International itself was not a party to the instant action.[3] This is not a case such as Sanders v. International Ass'n of Bridge, Structural and Ornamental Iron Workers, D.C.Ky.1954, 120 F.Supp. 390, where a class action was instituted against a union by virtual representation. Rather, the defendants constitute a "true" class within the meaning of Rule 23(a) (1), 28 U.S.C.A.; and while that class, as defined in the complaint,

comprises all the members of the union, it is not synonymous with the union as an entity. The distinction may seem technical at first blush, but it has many important implications. For example, any judgment entered herein would run against the individual members severally and not against the International's treasury (there being no applicable statute altering the common-law rule). See Lowry v. International Brotherhood of Boilermakers, 1958, 5 Cir., 259 F.2d 568, 574 note 21; Sperry Products, Inc. v. Ass'n of American Railroads, 1942, 2 Cir., 132 F.2d 408, 410, 145 A.L.R. 694; cf. United Mine Workers of America v. Coronado Coal Co., 1922, 259 U.S. 344, 390, 42 S.Ct. 570, 66 L.Ed. 975. Similarly, the plaintiffs must here prove the liability of the individual members of the International because of their participation in, ratification of, or authorization of the tortious conduct alleged. See Oskoian v. Canuel, supra, 269 F.2d at page 317; cf. Martin v. Curran, 1951, 303 N.Y. 276, 101 N.E.2d 683, 684, 686. And the Court must take precautions to see that each of the members of the defendant class, considered individually, is afforded due process. Oskoian v. Canuel, supra, 269 F.2d at page 317; cf. Hansberry v. Lee, 1940, 311 U.S. 32, 44–45, 61 S.Ct. 115, 85 L.Ed. 22.

Having in mind these distinctions and giving due weight to the statutory provision that activities of the sort complained of are unfair labor practices within the provisions of 29 U.S.C.A. § 158(b) only when committed by a "labor organization or its agents" it is difficult to perceive how the Board could in the circumstances of this case have any jurisdiction, primary or otherwise, over the members of the defendant class

lating to essentially the same activities which form the basis for the instant complaint. Those charges were terminated by a settlement agreement. Various documents pertaining to the proceedings before the Board are annexed to the defendants' answer and made a part thereof, including copies of said charges and of said settlement agreement. For a fuller exposition of this phase of the matter,

see Gallogly v. Bakery & Confectionery Workers International Union, infra.

2. The "federal law" referred to is, of course, the said National Labor Relations Act.

3. See 269 F.2d at page 314:
"It is obvious that the plaintiffs have not properly sued the International Union as an entity * * *"

*qua* individuals.[4] An action brought against the membership of a union as individuals as opposed to one brought against such union as an entity is at best a merely peripheral concern of the National Labor Relations Act. Cf. International Association of Machinists v. Gonzales, 1958, 356 U.S. 617, 78 S.Ct. 923, 2 L.Ed.2d 1018. It is clear that at common law the accepted remedy for the tort of an unincorporated association (such as a labor union) was a suit against all the members of that union. United Mine Workers of America v. Coronado Coal Co., supra. While one method of suit against an unincorporated labor union under the law of Rhode Island is defined by 2 Gen.Laws R.I. (1956) §§ 9–2–10 through 9–2–15, there is no reason to believe that said common-law remedy has been abolished by the above mentioned statutory provisions. On the contrary, "that a suit against all the members may be maintained despite the statute is indicated by the permissive phraseology of § 9–2–12, and by the express terms of § 9–2–15 barring suits against the members while an action under the statute is pending." Oskoian v. Canuel, supra, 269 F.2d at page 315. In my judgment the possibility of conflict here with a uniform federal policy is too remote to justify depriving the federal or state courts of jurisdiction to vindicate the personal rights of ousted employees against the individual members of a rival union. It follows, therefore, that this Court has jurisdiction over the subject matter of this action.

■ I turn now to the second ground of the defendants' motion, wherein they urge that no claim is presented upon which this Court can grant relief. At the outset, it should be remarked that the plaintiffs' argument that this question was decided by me in Canuel v. Oskoian, supra, and that said decision is the law of this case, is untenable. It is true that a motion under Rule 12(b) (6) was denied by me in my earlier decision. But that decision is the law of the case only as to the issues raised by said motion. Michel v. Meier, D.C.Pa.1948, 8 F.R.D. 464; Munson Line, Inc. v. Green, D.C. N.Y.1947, 6 F.R.D. 470; cf. Sutherland Paper Co. v. Grant Paper Box Co., D.C. Pa.1948, 8 F.R.D. 416. The instant motion is predicated on a new theory which has not heretofore been raised by the defendants. Since that is so, they are plainly entitled to an adjudication of the merits of their present contention.

■ The theory urged by the defendants in this regard is that since the members of the plaintiff class were employees at will,[5] there can be no liability in tort for persuading or conspiring to persuade the employer (the A. & P.) to discharge them. This view of the law is not without some support in the reported cases, see, e. g., Boatright v. Steinite Radio Corp., 10 Cir., 1931, 46 F.2d 385, but the clear weight of authority is to the contrary. The leading case is Truax v. Raich, 1915, 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131. There Mr. Justice Hughes, speaking for the Supreme Court, held at page 38 of 239 U.S., at page 9 of 36 S.Ct.:

"It is said that the bill does not show an employment for a term, and that under an employment at will the complainant could be discharged at any time for any reason or for no reason, the motive of the employer being immaterial. The conclusion,

4. Compare W. T. Rawleigh Co. v. N. L. R. B., 1951, 7 Cir., 190 F.2d 832, wherein it was held that a union does not become a party to a proceeding before the Board simply because charges are filed with the Board by the individual members thereof. Id., at page 836. Similarly, it would seem that a union would not properly be before the Board where charges were made against the members thereof *qua* individuals. And if this be so, the Board would apparently be without jurisdiction to hear and determine the merits of such charges.

5. The complaint is silent as to this point, but the plaintiffs on oral argument appeared to concede that their employment was terminable at will. In any event, in the absence of an allegation of a definite term of hiring, I feel justified in assuming that such was the case. Cf. Booth v. National India Rubber Co., 1897, 19 R.I. 696, 36 A. 714.

however, that is sought to be drawn, is too broad. The fact that the employment is at the will of the parties, respectively, does not make it one at the will of others. The employee has manifest interest in the freedom of the employer to exercise his judgment without illegal interference or compulsion, and, by the weight of authority, the unjustified interference of third persons is actionable although the employment is at will."

To the same effect, see Hitchman Coal & Coke Co. v. Mitchell, 1917, 245 U.S. 229, 38 S.Ct. 65, 62 L.Ed. 260; Tubular Rivet & Stud Co. v. Exeter Boot & Shoe Co., 1908, 1 Cir., 159 F. 824; Bausch & Lomb Optical Co. v. Wahlgren, D.C.Ill. 1932, 1 F.Supp. 799, affirmed 1934, 7 Cir., 68 F.2d 660, certiorari denied 292 U.S. 639, 54 S.Ct. 774, 78 L.Ed. 1491; MacDonald v. Feldman, 1958, 393 Pa. 274, 142 A.2d 1; Russell v. Croteau, 1953, 98 N.H. 68, 94 A.2d 376; Owen v. Williams, 1948, 322 Mass. 356, 77 N.E. 2d 318, 9 A.L.R.2d 223; Speegle v. Board of Fire Underwriters, 1946, 29 Cal.2d 34, 172 P.2d 867; Bitzke v. Folger, 1939, 231 Wis. 513, 286 N.W. 36. And see generally 4 Restatement, Torts § 766(b); Annotation, Liability for Procuring Breach of Contract, 26 A.L.R.2d 1227 and cases collected therein at pages 1258–1259.

The majority rule is well founded in both logic and reason. The fact that employment is terminable at the pleasure of the employer does not render it valueless; and the law should and does protect the employee from unwarranted and unprivileged interference by third persons with the advantageous relationship which he enjoys. Although there is no Rhode Island case squarely in point, there are intimations in Savard v. Industrial Trade Unions, 1950, 76 R.I. 496, 72 A.2d 660, which are in substantial accord with the weight of authority.

**6.** It seems clear that Count V of the complaint fails to state a claim upon which relief can be granted, although not by reason of the theory advanced by the

I find nothing in Cabral v. Local 41, International Molders & Foundry Workers Union, 1954, 82 R.I. 178, 106 A.2d 739, cited by the defendants, which points in the opposite direction. I am satisfied that the Supreme Court of Rhode Island would follow the enlightened view adopted by the vast majority of American jurisdictions if the precise question here involved were presented to it for decision. I hold, therefore, that the instant complaint alleges claims by the plaintiffs for injuries to their rights which, if substantiated by the proper degree of proof, will entitle them to relief in this Court.[6]

The defendants' motion to dismiss is denied.

defendants in support of the instant motion. Since this question has not been properly raised, I do not feel that it is now before me.