Rockingham
No. 7938

TOWN OF EXETER

v.

HAROLD LAMPERT & a.

May 9, 1978

*Kearns & Colliander*, of Exeter, by brief for the plaintiff.

*Allen L. Lampert*, pro se, and *Andrew J. Melechinsky*, attorney in fact, by brief for the defendants.

MEMORANDUM OPINION

After a trial before a master, defendants, who were represented by counsel, were found to be in violation of the Exeter zoning ordi-

nance by maintaining a sign on the side of their building made with *eight* 4' x 8' plywood panels. The ordinance was found to have been validly adopted in 1973 and to have created a land conservation district in which no signs were permitted. The master found, however, that a sign made with *one* 4' x 8' panel existed before the enactment of the ordinance and found it to be a nonconforming use, which could be continued. *DiClerico*, J., affirmed the recommendation that ordered the defendants to remove the large sign, restrained them from reinstalling it, and imposed a fine under the zoning ordinance of $10 for each day they allowed the large sign to remain. An appropriate decree was entered on January 18, 1977. The defendants did not perfect an appeal, and the court on March 24, 1977, made an order that exceptions were waived and the decree final as of March 25, 1977.

The defendants did not remove the sign. On May 6, 1977, the town filed a motion for civil contempt. A hearing was held before *Perkins*, J., in June. At that hearing the court granted defendants' motion to allow Mr. Melechinsky, a nonlawyer, to appear for them along with a member of the New Hampshire bar. At this hearing, defendants attempted to raise issues relating to the constitutionality of the ordinance and other constitutional questions. They were not permitted to do so but were confined to the question whether they had complied with the order to remove the sign. Defendants were found in contempt and ordered to pay a fine of $1,420 representing $10 per day for 142 days. Plaintiffs were authorized to enter on the premises and remove the sign if defendants failed to do so. *Perkins*, J., transferred defendants' exceptions.

■■ By their failure to appeal, defendants became bound by the findings and rulings of the court based on the master's report dated January 15, 1977. The court properly restricted the scope of the defendants' arguments in the civil contempt proceeding. *See generally Nottingham v. Cedar Waters, Inc.*, 118 N.H. 282, 385 A.2d 851 (1978). No penalty involving loss of liberty was imposed; therefore, there was no right to a trial by jury at the contempt hearing. *Codispoti v. Pennsylvania*, 418 U.S. 506 (1974); *Taylor v. Hayes*, 418 U.S. 488 (1974); *cf. Dyke v. Taylor Implement Mfg. Co.*, 391 U.S. 216 (1968); *see State v. Ray*, 63 N.H. 406, 407 (1885). The fine here was not clearly "payable to the complainant," *Nottingham supra*, and therefore the matter must be remanded to have the order amended by the trial court.

*Exceptions overruled; remanded.*