Belknap,
Dec. 5, 1950. } No. 3945.

LACONIA NATIONAL BANK *v.* AMANDA LAVALLEE *& a.*

**354**

*Jewett & Jewett (Mr. Theo S. Jewett* orally), for the plaintiff.

*Morse, Hall & Morse, George R. Grant* and *Charles T. Gallagher (Mr. Grant* and *Mr. Gallagher* orally), for the defendant.

KENISON, J. In the former transfer of this case (94 N. H. 76), it appears from the pleadings, the instructions to the jury and the decision on appeal that the issue tried therein related to the forgery of the order for $9,562.36 on the defendant's bank account in the City Savings Bank in Laconia. The jury in the former trial was not requested to make any special findings with respect to the forgery or validity of the two notes now in question. Their consideration was directed toward the validity or forgery of the check and order in the total amount of $9,562.36. While much evidence was introduced relating to the notes and while the defendant denied that she signed them, these were evidentiary matters rather than the issue upon which the jury rendered its verdict. If the validity of the notes was in issue in the former trial, the plaintiff would be barred from maintaining the present action and the matter would be *res judicata.* If the validity

of the notes was not in issue, the plaintiff is not estopped to maintain the present action.

The distinction between the two situations has long been recognized in this jurisdiction. " 'There is a difference sometimes overlooked between the effect of a judgment as a bar to the prosecution of a second action for the same cause, and its effect as an estoppel in another suit between the same parties upon a different cause of action. In the former case, a judgment on the merits is an absolute bar to a subsequent action: it concludes the parties, not only as to every matter which was offered and received to sustain or to defeat the suit, but also as to any other matter which might have been offered for that purpose. But in the latter case, the judgment in the prior action operates as an estoppel only as to those matters which were then directly in issue, and either admitted by the pleadings or actually tried.' " *Lovejoy* v. *Ashworth*, 94 N. H. 8, 9, 10. The same thought has been expressed in the leading case of *Cromwell* v. *County of Sac*, 94 U. S. 351, 353. "In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit about a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined."

The difference between matters in issue and matters in evidence determines the extent to which the former action constitutes an estoppel to the maintenance of the subsequent action. A matter in issue "is that matter upon which the plaintiff proceeds by his action, and which the defendant controverts by his pleadings." *King* v. *Chase*, 15 N. H. 9, 16. Matters in evidence may be controverted and form the basis upon which a matter in issue is decided but they are not the same. Matters in issue once decided cannot be litigated again. Matters in evidence may be. *Winnipiseogee &c. Company* v. *Laconia*, 74 N. H. 82; (Restatement, Judgments, *s.* 68, *comment p.* as modified in 1948 supplement.) The proposition has been stated in *Chesley* v. *Dunklee*, 77 N. H. 263, 265, as follows: " 'Matter in issue' means an essential element of a cause of action or a defence recognized by the law; things to be pleaded, as distinguished from those merely proved."

The evidence in the former trial relating to the execution of the notes were evidentiary matters upon which it was determined that the order upon the bank was forged. It was not a determination that the notes previously executed were forged. The situation is not unlike the example given in *Metcalf* v. *Gilmore*, 63 N. H. 174, 178. The

validity of the notes, upon which the present action is founded, was not in issue in the former suit or litigated therein. *Webster &c. Bank* v. *Fuller*, 85 N. H. 186, 189.

The present case is analogous to *King* v. *Chase*, 15 N. H. 9. "There the suit was for the conversion of a lot of oats. This put in issue the plaintiff's title. The particular title relied upon was a mortgage which was found to be fraudulent. This did not make the validity of the mortgage the matter in issue. The matter in issue which was settled by that suit was that the plaintiff did not have title to the oats—not that his mortgage was invalid. . . . Title was essential, but title by mortgage was not." *Chesley* v. *Dunklee*, 77 N. H. 263, 264, 265. So here, the matter in issue, and consequently settled by the former judgment was the plaintiff's title to a portion of the defendant's bank account. It did not settle the plaintiff's title to the notes in question or their validity. If the plaintiff in this action could have filed a cross action setting up the validity of the notes in the former proceeding, it was not bound to do so. *Thibault* v. *Lambert*, 87 N. H. 77, 79. The ruling of the Trial Court was correct and the order must be

*Exception overruled.*

All concurred.