Rockingham
No. 7085

INDIAN HEAD NATIONAL BANK OF DERRY

v.

EDWIN C. SIMONSEN
AGNES SIMONSEN
JOAN D. SIMONSEN

May 30, 1975

*McLane, Graf, Greene, Raulerson & Middleton* and *Judith D. M. Ransmeier ( Mrs. Ransmeier* orally) for the plaintiff.

*Hamblett, Kerrigan, LaTourette & Lopez (Mr. Joseph Kerrigan* orally) for the defendants Edwin C. Simonsen and Agnes Simonsen.

*Rinden Professional Association (Mr. Paul A. Rinden* orally) for the defendant Joan D. Simonsen.

GRIMES, J. This is an action by the bank to determine the rightful owner of a savings account. The principal issue is whether the Master *(Leonard C. Hardwick,* Esq.) properly excluded evidence at a hearing on the issue and properly found for the defendant Agnes Simonsen, who is Edwin's mother, on the grounds of res judicata. We hold that he did.

This case arose as an offshoot to the lengthy and somewhat complicated divorce proceeding between Joan D. Simonsen and Edwin C. Simonsen. While the divorce proceeding was still pending, Joan D. Simonsen, through her attorney, made representations to the bank that a certain account, under the name of Agnes Simonsen, came into being from the proceeds of a check which had been jointly made out to Edwin and Joan and to which Joan's name had been allegedly forged. To avoid the problems over the question of ownership, the bank brought an action equivalent to interpleader to settle all matters regarding ownership of the savings account.

At the June 24, 1974 hearing on the issue of ownership, the master excluded evidence proffered by Joan (1) which related to the validity of Joan's endorsement on the check and (2) which related to the actual sale price of certain property which had been jointly owned by Edwin and Joan which the check in question represented. He also found that the issue of ownership of the sale's proceeds which made up the account had already been decided adversely to Joan during the divorce proceedings. (Hardwick had sat as master in the divorce case.) The Trial Court *(Morris,* J.) sustained this position.

Joan excepted to both the evidentiary rulings and to the master's final decision which permitted Agnes Simonsen to retain the account. Evidence in the record shows while the divorce proceeding was still pending, Edwin, with Joan's approval, sold the parcel of jointly held property located on Berry Road, Derry, New Hampshire, to G.A. Bedard Construction Company. In return Edwin received a check in the name of both Edwin and Joan for the sum of $15,916.84 as payment. The check was endorsed in the names of Edwin C. Simonsen and Joan D. Simonsen, although Joan did not sign it. This check was presented to the bank on October 31, 1971. Of the total amount, Edwin deposited $10,000 in a savings account under his mother's name. The balance of the check was disbursed to Edwin.

Pursuant to a divorce decree effective December 5, 1972, Joan

received a property settlement of $20,000 plus a division of real property still owned by the parties. However, no specific mention was made in the decrees as to the division of the Berry Road property proceeds. On this basis in part, Joan moved for a rehearing regarding that property. The motion for rehearing was based on allegations that Edwin had misrepresented to her that the property was being sold for $16,000 instead of $21,000. The motion was denied with the exception of visitation rights which are not material here.

By this denial, the master and the trial court implicitly found that Joan had no interest in the Bedard sale proceeds. By denying the motion for rehearing on the Bedard sale, the court was also apparently satisfied that the initial property settlement contained in the divorce decree had included consideration of all property relevant to the divorce, including the Bedard sale and that there had been no fraud as alleged. No appeal was taken from this decision.

In this State, res judicata bars relitigation of issues between parties in interest, absent some extenuating circumstance. *Lougee v. Beres,* 113 N.H. 712, 313 A.2d 422 (1973); *Colebrook Water Co. v. Commissioner of Dep't of Pub. Works,* 114 N.H. 392, 324 A.2d 713 (1974). Here, as in the divorce action, the real parties in interest are Edwin C. Simonsen and Joan D. Simonsen. The bank and Agnes Simonsen are nominal participants only. And since the same issues regarding ownership and misrepresentation have already been decided in the previous divorce case, Joan is precluded from relitigation of the same issues in this proceeding. Consequently, we hold that the master properly excluded the evidence relating to various aspects of ownership offered by Joan and correctly ruled that she "cannot now again raise the issue as to any interest she might have . . . ." in the savings account.

*Exceptions overruled.*

DUNCAN, J., and GRIFFITH, J., did not sit; the others concurred.