Belknap
No. 7587

### CONCRETE CONSTRUCTORS, INC.

### v.

### THE MANCHESTER BANK

**August 29, 1977**

*Decker & Hemeon,* of Laconia (*Mr. David R. Decker* orally), for the plaintiff.

*McLane, Graf, Greene, Raulerson & Middleton,* of Manchester and *Bruce W. Felmly* (*Mr. Felmly* orally), for the defendant.

LAMPRON, J. This is an action by plaintiff by writ dated July 23, 1975, to recover the value of labor and materials provided from October 1973, through June 1974, in the construction of concrete footings, foundations, and floors for Mad River Condominiums, Inc., a real estate development company. This concrete construction work was performed for a condominium apartment unit project in Waterville Valley. Defendant was a mortgagee of Mad River Condominiums (hereinafter "developer") for these condominium apartment units. In this action defendant is alleged to have acted in a joint venture or partnership with the developer, to have preferred itself over other creditors when the developer was in financial difficulty, and to have participated in the business decisions of the developer. Through these allegations plaintiff seeks to have defendant, which foreclosed on May 9, 1975, the develop-

ment property under the terms of the mortgage, held liable for the unpaid balance of $35,910.00 due on the construction work plaintiff performed for the developer.

When plaintiff brought this action, defendant filed a motion to dismiss on the grounds of res judicata or collateral estoppel. The basis for defendant's motion was that plaintiff had earlier brought against defendant and the developer a petition for an injunction against foreclosure of unit 7A which had been settled by agreement and the following docket markings entered: "Neither party. No further action for the same cause. No costs. No interest."

A hearing on defendant's motion to dismiss was held before a Master (*Mayland H. Morse, Jr.*, Esq.), who found that the second action was barred under the principles of res judicata and recommended that the motion be granted. His report and recommendation were approved by the Superior Court (*Keller*, C.J.), and an order in accordance with the master's recommendation was entered. Plaintiff's exception to this ruling was reserved and transferred by *Batchelder*, J.

We hold that this action by plaintiff is not barred under the principles of either res judicata or collateral estoppel, and that it was error for the trial court to grant defendant's motion to dismiss.

On March 14, 1974, the developer and plaintiff had entered into a purchase and sale agreement by which plaintiff agreed to purchase condominium unit 7 in building A for the total price of $39,900.00. Plaintiff paid $3,990 and it was agreed that the remaining $35,910.00 of the purchase price was to be charged against the balance in that amount owed by the developer for plaintiff's concrete construction work. Although the president of plaintiff construction company moved into condominium unit 7A, title to the unit was not transferred from the developer to plaintiff in accordance with the agreement.

In the meantime, the developer defaulted on its mortgage note obligation and defendant started foreclosure proceedings, the foreclosure sale being scheduled for 9:00 A.M., on May 9, 1975. In order to preserve the rights it had in unit 7A, plaintiff negotiated with defendant, seeking a transfer of this unit on the same terms as it had with the developer. Because the developer had run out of money, defendant refused to transfer the unit on these terms as that would have amounted to a further extension of funds to the developer. Plaintiff then offered to pay in cash the balance due

under the purchase and sale agreement entered into with the developer. Through unexplained delays, plaintiff did not receive the deed it needed to conduct a title search in order to secure financing for its purchase of unit 7A.

On May 7, 1975, due to the imminence of the foreclosure sale and the continued delay in obtaining a deed to unit 7A, plaintiff brought an equity action against the developer and defendant, seeking a temporary and permanent injunction against defendant from foreclosing on unit 7A, seeking conveyance of title to unit 7A upon payment of the balance of the purchase price by plaintiff, and asking for "such other, further and different relief as to the Court may seem just." On May 8, 1975, the date set for the hearing on plaintiff's petition, the parties settled the matter by an agreement that the foreclosure sale scheduled for the following morning would be delayed up to two hours so that the deed and title difficulties could be worked out. The "Neither party. No further action for the same cause." docket markings were entered. Shortly before the foreclosure sale of the condominium apartment units the following morning, title to unit 7A was conveyed to plaintiff by the developer upon payment of the balance of the purchase price under their agreement, and defendant released unit 7A from the foreclosure sale.

█ The heart of the doctrine of res judicata is that a final judgment by a court of competent jurisdiction is conclusive upon the parties in a subsequent litigation involving the same cause of action. *Ainsworth v. Claremont*, 108 N.H. 55, 56, 226 A.2d 867, 869 (1967). The same result can follow from a consent judgment resulting in docket markings such as those entered in this case. *Moore v. Lebanon*, 96 N.H. 20, 69 A.2d 516 (1949). It is therefore of the utmost importance in a situation like the present to determine what were the essential elements, or matters in issue, in plaintiff's petition for an injunction as well as what are the elements in issue in plaintiff's action against the defendant bank. *Laconia Nat'l Bank v. Lavallee*, 96 N.H. 353, 355, 77 A.2d 107, 108 (1950).

Plaintiff's petition for an injunction against foreclosure was based on a purchase and sale agreement between the plaintiff and the developer. The wrong for which plaintiff sought relief was the failure of the developer to convey unit 7A upon payment of the balance of the purchase price, which conveyance would be jeopardized by defendant's foreclosure. According to the agreement the

sum of $35,910.00 to be paid at the closing was in reality the unpaid balance due plaintiff by the developer for materials and labor. However, plaintiff alleged that it was willing and ready to pay this amount in cash, which it did. Consequently the validity or amount of plaintiff's claim against the developer was not in issue in this proceeding.

Plaintiff did allege in its petition that defendant had engaged in the developer's decisions, had acted in a partnership or joint venture with the developer, and had preferred itself over other creditors of the developer. However, at most, these constituted "matters in evidence" which could have been introduced on the issue of whether there was an equitable basis to enjoin the foreclosure sale. Because of the lack of time these allegations were not actually tried. The relief sought by the plaintiff, and received by agreement of the parties, was a postponement of the foreclosure sale which enabled the plaintiff to receive a conveyance of unit 7A. *Laconia Nat'l Bank v. Lavallee*, 96 N.H. 353, 355, 77 A.2d 107, 108 (1950).

The writ brought thereafter by the plaintiff against the bank on July 23, 1975, was to recover from it the unpaid balance due for labor and materials by the developer. The plaintiff is required to plead and prove the existence of a contract with the developer to do concrete construction work, its performance thereof, and the amount due it. Furthermore plaintiff must prove, which is the main issue, that the alleged conduct of the bank in the process of the project was such as to render it liable to the plaintiff for the balance due by the developer. *See* 46 Am. Jur. 2d *Joint Ventures* § 57 (1969).

■ We hold that plaintiff's cause of action to recover from the defendant bank the unpaid balance due from the developer is a different cause of action than plaintiff's petition for an injunction to prevent foreclosure of the defendant's mortgage. All findings and rulings to the contrary are erroneous and are set aside. We further hold that the second action is not barred by res judicata and that plaintiff is not estopped by the doctrine of collateral estoppel to proceed thereon. *Laconia Nat'l Bank v. Lavallee*, 96 N.H. 353, 355, 77 A.2d 107, 108 (1950); *Morin v. J. H. Valliere Co.*, 113 N.H. 431, 309 A.2d 153 (1973).

*Plaintiff's exceptions sustained; remanded.*

BOIS, J., did not sit; the others concurred.