Rockingham
No. 7939

TOWN OF NOTTINGHAM

v.

LEE HOMES, INC., & a.

June 19, 1978

*Shute, Engel & Frasier*, of Exeter (*Robert L. Steuk* orally), for the plaintiff.

*Harold L. Lee*, pro se, waived brief and oral argument.

*Kearns & Colliander*, of Exeter (*John D. Colliander* orally), for the defendant Lee Homes, Inc.

*Keene, Dunnington & Shaheen*, of Dover, for the other defendants, waived brief and oral argument.

BOIS, J.    This is a petition for permanent injunction to enjoin the defendants from occupying or allowing others to occupy certain mobile homes in the town of Nottingham and to order them to remove the homes. After a hearing and a view, the Master (*Leonard C. Hardwick*, Esq.) recommended that the permanent injunction be granted, that the defendants be ordered to remove the mobile homes within thirty days from the effective date of the court's decree, and that, if the defendants failed to comply, they be fined fifty dollars per day for each day of noncompliance. On April 20, 1977, the Court (*Perkins*, J.) approved these recommendations.

During the course of the trial, the master recommended that the motion of defendant Lee Homes, Inc., to amend its answer be denied. The defendant seasonably excepted to this denial and to the master's failure to grant portions of its requests for findings of fact and rulings of law. All questions of law raised by the foregoing exceptions and all other exceptions were reserved and transferred. We affirm in part and remand.

The facts in this case are as follows: In June 1971 defendant Lee Homes, Inc. [hereinafter Lee] acquired title to the parcel of land here involved. In April 1972 Lee applied to the Planning Board of the Town of Nottingham [hereinafter the board] for approval of a proposed subdivision of the property. This application was denied on July 27, 1972, and thereafter Lee brought a "petition for review of planning board decision" in Rockingham County Superior Court pursuant RSA 36:34 ("Court Review") (amended August 15, 1975). The last count of Lee's petition read:

Petitioner by way of further objection to the Planning Board Decision also wishes to raise the issue of whether or not the Nottingham Planning Board approved said subdivision under the provisions of RSA 36:23 which section if applicable, would make the Planning Board's decision null and void.

The petition was entered on the court's docket, and, after a hearing, the Court (*Mullavey*, J.) on May 9, 1974, rendered the following decree without opinion: "Petition dismissed." Lee did not appeal.

While this petition for review was pending, an unrelated judicial proceeding determined that the board's subdivision regulations had not been validly adopted. Consequently, the board in fact lacked authority to disapprove Lee's subdivision application in July 1972. RSA 36:21 (Amended March 24, 1973). Despite this invalidation of the board's subdivision regulations, however, Lee did not attempt to reopen or appeal the court decision upholding the board's disapproval of Lee's application. Lee also did not make any attempt to develop its land after the regulations were invalidated. In November 1972 the board legally adopted new regulations effective January 1973. Thus, from that time on it had power to regulate subdivisions. RSA 36:19, 21 (amended March 24, 1973).

On November 22, 1976, Lee placed on its property two mobile homes, now occupied by the other defendants. In response, the town brought the present action for injunctive relief, alleging that the presence of the mobile homes on the property violated Nottingham's zoning ordinance and building code.

The master in his report found and ruled that Lee had violated article III, section 7 and article VIII, section 2 of the zoning ordinance, and article 2 of the building code. Article III, section 7 of the ordinance and article 2 of the code both require, with certain stated exceptions, that mobile homes be set on solid foundations of masonry walls. Article VIII, section 2 of the zoning ordinance provides that no building permits shall be issued for mobile homes unless plats or plans have first been approved by the building inspector and the planning board. The master granted the town's request for a finding that Lee had not obtained subdivision approval for the premises in question; Lee also concedes that it has not applied for a building permit. These findings and rulings were the bases for the court's grant of injunctive relief.

Lee's first contention in this appeal is that the town is estopped from asserting that Lee has not complied with the provisions of the

current zoning ordinance and building code. In support of this contention, Lee alleges that the town "knew, should have known or was culpably negligent in not knowing, that its continuing representation as to its authority to approve subdivision plans were false," and that "Lee was induced to act to its prejudice upon the Town's representation that its Planning Board had authority to approve subdivision plans." According to Lee, but for the board's incorrect representations in 1972 that it had legal authority to disapprove subdivisions, Lee would have undertaken substantial development of its property and therefore would have obtained vested rights. Such development might have insulated Lee from certain regulations. *See* RSA 36:24-a Supp. 1977; *Gosselin v. Nashua*, 114 N.H. 447, 451, 321 A.2d 593, 596 (1974).

■ ■ We do not accept this estoppel argument. First of all, estoppel does not work the way Lee claims it does. Estoppel "operates to put the party entitled to its benefit in the same position as if the thing represented were true." 3 J. Pomeroy, Equity Jurisprudence § 813 (5th ed. 1941). *See generally Monadnock School Dist. v. Fitzwilliam*, 105 N.H. 487, 488–489, 203 A.2d 46, 48 (1964); 28 Am. Jur. 2d *Estoppel and Waiver* § 35 (1966). Were we to apply the estoppel doctrine to the board's representations in the instant case, we would conclude not that the board may not now assert that Lee has failed to comply with present zoning and building regulations, but rather that the board is estopped from *denying* that in early 1972 *it possessed authority* to regulate subdivisions. Clearly this is not a result Lee would favor.

■ ■ Even assuming *arguendo* that estoppel operates the way Lee claims, Lee would still not prevail on this theory. The party asserting estoppel bears the burden of proving it. *Bigwood v. Merrimack Village Dist.*, 108 N.H. 83, 87, 229 A.2d 341, 345 (1967). The essential elements of estoppel are:

> (1) a representation or a concealment of material facts; (2) the representation must have been made with knowledge of the facts; (3) the party to whom it was made must have been ignorant of the truth of the matter; (4) it must have been made with the intention that the other party should act upon it; and (5) the other party must have been induced to act upon it to his prejudice.

*Monadnock School Dist. v. Fitzwilliam*, 105 N.H. at 491, 203 A.2d at 49–50; *accord, Bigwood v. Merrimack Village Dist.*, 108 N.H. at

87, 229 A.2d at 344. These are all factual inquiries; therefore, the master's resolution of these questions will be sustained if supported by evidence. *Id.; see Cheshire Oil Co., Inc. v. Springfield Realty Corp.*, 118 N.H. 232, 385 A.2d 835 (1978); *Bielinski v. Miller*, 118 N.H. 26, 382 A.2d 357 (1978). Here the master rejected the estoppel claim, and the exception to this denial is overruled. "It is unnecessary to determine whether, upon the evidence, the court could have found that estoppel existed since it could accept or reject such portions of the testimony as it chose. (Citation omitted.) . . . [W]e are satisfied upon a careful examination of the entire record, that it cannot be said that 'no reasonable man could fail to find' that the [defendant has] sustained [its] burden of proving estoppel." *Bigwood v. Merrimack Village Dist.*, 108 N.H. at 87, 229 A.2d at 344–45.

Lee's second argument is that the court below erred in denying its motion to amend its answer. The proposed amendment sought relief under RSA 36:23 (amended August 6, 1975) [hereinafter RSA 36:23], which provides that any plat submitted to a planning board for consideration and not approved or disapproved within ninety days "shall be deemed to have been approved. . . ." More than ninety days had elapsed between the time Lee filed its proposed subdivision with the board in April 1972 and the time the board disapproved it on July 27, 1972. Thus, Lee contends, the plat it submitted in April 1972 should be deemed to have been approved before the Nottingham zoning ordinance now at issue was adopted. Lee further reasons that "[a]n approved plan as of the date of the running of the ninety (90) days time limit would be a defense as to the major violations which the master found to support the grant to a permanent injunction."

This claim also is unavailing. First of all, RSA 36:23 deals only with *planning board* approval; it does not excuse any duty to obtain approval from the building inspector, a requirement imposed by the building code. Also, Lee seems somewhat inconsistent in first arguing that the board lacked any authority to grant or deny approval of its plat, and then arguing that because the board did not approve the plat within ninety days it should be deemed to have approved the plat under RSA 36:23.

Furthermore, the master correctly ruled that the decision in the prior suit, in which Lee sought review of the board's denial of subdivision approval, barred relief in the present litigation. Under the doctrine of res judicata, "a final judgment on the merits in one suit absolutely bars a subsequent suit involving the same parties, or their privies, as to all matters which were litigated, or might have been

litigated, in the first suit, absent some extenuating circumstances." *Bricker v. Crane*, 118 N.H. 249, 253, 387 A.2d 321, 323 (1978); *accord*, *Concrete Constructors, Inc. v. The Manchester Bank*, 117 N.H. 670, 672, 377 A.2d 612, 614 (1977); *Laconia Nat'l Bank v. Lavallee*, 96 N.H. 353, 77 A.2d 107 (1950). In the previous proceeding, which involved the same parties as the present suit, Lee specifically requested relief under RSA 36:23. By dismissing that petition, the court impliedly found that such relief was unwarranted. *See Beaudoin v. Beaudoin*, 118 N.H. 325, 386 A.2d 1261 (1978); *Cushing v. Thomson*, 118 N.H. 292, 386 A.2d 805 (1978). After the time for appealing that decision ran out, it became final. *See Exeter v. Lampert*, 118 N.H. 328, 387 A.2d 332 (1978). Lee's present attempt to secure relief under RSA 36:23 is thus barred by res judicata.

Lee's remaining exceptions relate to Nottingham's requirement that mobile homes be placed on solid foundations. It submits that the requirement is not within the zoning power granted to the town by the State, and that the master erred in disallowing Lee to testify that the solid-foundation requirement is so arbitrary and unreasonable as to violate the State and Federal Constitutions.

█ After the trial in this suit but prior to oral arguments before this court, Laws 1977, 481:1 went into effect. This statute amends RSA ch. 31 ("Powers and Duties of Towns") by adding the following section: "31:116 Mobile Home Foundations. No town shall impose requirements that mobile homes be placed on other than the structural carriers designed for that purpose." We are uncertain whether the Nottingham solid-foundation requirement violates RSA 31:116 (Supp. 1977); the master made no findings of fact in this regard, and the parties did not brief the question. If, as it appears to us, a solid masonry wall is in fact not a "structural carrier" designed for mobile homes, then to the extent the present injunction is aimed at enforcing the solid-foundation requirement the injunction must be dissolved. *See System Federation No. 91 v. Wright*, 364 U.S. 642 (1961) (an injunction should be dissolved if the continuing wrongful conduct which it is designed to end becomes lawful); *Erickson v. Groomer*, 139 Colo. 32, 336 P.2d 296 (1959) (case is moot and injunction against construction of apartment building should be dissolved because new ordinance allows construction of the building). We remand for resolution of this issue.

*Exceptions overruled in part; remanded.*

All concurred.