**TOWN OF SEABROOK, et al.,**
**Plaintiffs, Appellees,**

v.

**STATE OF NEW HAMPSHIRE, et al.,**
**Defendants, Appellees.**

**Seabrook Citizens for the Defense of**
**Home Rule (SCDHR), Intervenors,**
**Appellants.**

No. 84–1187.

United States Court of Appeals,
First Circuit.

Argued June 8, 1984.

Decided June 25, 1984.

Stephen J. Tybursky, Portsmouth, N.H., with whom Tybursky & Watson, Portsmouth, N.H., was on brief, for Seabrook Citizens for the Defense of Home Rule (SCDHR).

Peter T. Foley, Asst. Atty. Gen., Div. of Legal Counsel, Concord, N.H., with whom Gregory H. Smith, Atty. Gen., Concord, N.H., was on brief, for State of New Hampshire; et al.

Before CAMPBELL, Chief Judge, STEWART,* Associate Justice (Retired), and BOWNES, Circuit Judge.

PER CURIAM.

Plaintiff-intervenor Seabrook Citizens for the Defense of Home Rule ("SCDHR") appeals from summary judgment sustaining the constitutionality of certain New Hampshire statutes which regulate Sunday dog racing. While we might well agree with the district court's resolution of the substantive issues, we affirm on another ground.

 We are confronted by the fact that SCDHR has previously raised the same claim and many of the same legal arguments before the courts of New Hampshire in an action against basically the same defendants as here.[1] *See Seabrook Citizens for the Defense of Home Rule v. Yankee Greyhound Racing, Inc.,* 123 N.H. 103, 456 A.2d 973 (1983). Having lost there, SCDHR intervened in this action, brought in the federal court by the Town of Seabrook, and seeks to make it a vehicle for relitigating essentially the same issues.[2] This it may not do. "It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. War-*

---

* Of the Supreme Court of the United States, sitting by designation.

**1.** Defendants in the state court action included the State of New Hampshire, the New Hampshire Racing Commission and Yankee Grey-

hound Racing, Inc. The federal court action deletes from this list Yankee Greyhound, but adds two named officials of the Commission.

**2.** The Town of Seabrook has not appealed from the district court's entry of summary judgment.

*ren City School District,* —— U.S. ——, ——, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984) (applying rule to federal court action brought under 42 U.S.C. § 1983). We see no argument that would save SCDHR from the operation of the doctrine of res judicata under New Hampshire law:

"The heart of the doctrine of res judicata is that a final judgment by a court of competent jurisdiction is conclusive upon the parties in subsequent litigation involving the same cause of action." *Concrete Constructors, Inc. v. Manchester Bank,* 117 N.H. 670, 377 A.2d 612, 614 (1977). Under the doctrine, a final judgment on the merits in one suit absolutely bars a subsequent suit involving the same parties, or their privies, as to all matters which were litigated, or might have been litigated, in the first suit, absent some extenuating circumstances. *Indian Head Nat'l Bank v. Simonsen,* 115 N.H. 282, 284, 338 A.2d 546, 547 (1975); *Laconia Nat. Bank v. Lavallee,* 96 N.H. 353, 355, 77 A.2d 107, 108 (1950).

*Bricker v. Crane,* 118 N.H. 249, 387 A.2d 321, 323 (1978). The cause of action here and in the prior state proceeding is essentially the same. SCDHR seeks "the same relief" and the "underlying facts of the two cases are identical." *Boucher v. Bailey,* 117 N.H. 590, 375 A.2d 1160, 1162 (1977). That SCDHR presents one additional legal theory is of no consequence. Nor does it matter that the present action adds two named state officials who were not parties in the previous action. *See* C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure: Jurisdiction* § 4458 (1981) (privity between government agencies and their employees, sued in official capacity). *Cf. Thirty Pines, Inc. v. Bersaw,* 92 N.H. 69, 24 A.2d 500, 501 (1942) ("Plaintiff having seen fit to elect bringing its suit against the employer instead of against the employee, or both, as it might well have, is bound by its election."). That SCDHR chose to represent itself in the prior proceeding is also immaterial; it has not shown that its decision was other than freely made or presented factors which might

amount to extenuating circumstances. *Bricker v. Crane,* 118 N.H. 249, 387 A.2d at 323.

*Affirmed.*