July 22, 1993
 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 93-1475

 JOSEPH B. VITALE,

 Plaintiff, Appellant,

 v.

 THE HONORABLE DAVID A. BROCK, ET AL.,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF NEW HAMPSHIRE

 [Hon. Shane Devine, U.S. District Judge]
 

 

 Before

 Breyer, Chief Judge,
 
 Selya and Boudin, Circuit Judges.
 

 

Joseph B. Vitale on brief pro se.
 
Jeffrey R. Howard, Attorney General, and Susan S. Geiger, Senior
 
Assistant Attorney General, on brief for appellees.

 

 

 Per Curiam. Plaintiff appeals from the summary
 

dismissal of his action. In essence, he wishes to relitigate

in federal court challenges to a state court alimony award.

We affirm the dismissal.

 I.
 

 Plaintiff filed his federal court action against

state court judges, a state court marital master, his former

wife, and the wife's attorney. Later, he sought to add his

own attorney. There was no diversity jurisdiction as all

parties were citizens of New Hampshire. Plaintiff, divorced

in 1983, complained of a 1989 alimony award requiring him to

pay his former wife $525 every month. He stated he was

totally disabled, his sole income being from veteran's

disability and social security disability benefits. He had

moved in state court in 1992 to terminate the 1989 alimony

order on two grounds: 1) that the Uniformed Services Former

Spouses Protection Act, 10 U.S.C. 1408, prohibited

consideration of veteran disability compensation in computing

an alimony award and 2) that state law in effect at the time

of divorce (1983) prohibited an award of alimony after the

passage of three years. The state superior court had

rejected both arguments, the New Hampshire Supreme Court had

summarily declined his appeal, and the United States Supreme

Court had denied certiorari, plaintiff recounted. Plaintiff

sought to litigate these same two challenges to the alimony

award in federal court, and he also contended that the New

Hampshire Supreme Court had denied him due process by

summarily rejecting his appeal without first ordering and

reviewing a transcript.

 II.
 

 Plaintiff's action was properly dismissed.

Plaintiff may not relitigate in federal court the challenges

to the alimony award plaintiff presented to the state court.

Migra v. Warren City School Dist. Bd. of Ed., 465 U.S. 75, 81
 

(1984) ("a federal court must give to a state court judgment

the same preclusive effect as would be given that judgment

under the law of the State in which the judgment was

rendered"); Eastern Marine Construction Corp. v. First
 

Southern Leasing, Ltd., 129 N.H. 270, 525 A.2d 709 (1987);
 

Bricker v. Crane, 118 N.H. 249, 253, 387 A.2d 321, 323 (1978)
 

(party may not contest in a subsequent proceeding any

question actually litigated and determined against him in a

prior suit).

 As for plaintiff's contention that the New

Hampshire Supreme Court denied him due process by summarily

rejecting his appeal, the attack on the state court's order

is not cognizable in a lower federal court. Rooker v.
 

Fidelity Trust Co., 263 U.S. 413 (1923) (lower federal court
 

lacks jurisdiction over claim that state court judgment

violated the Constitution); Lancellotti v. Fay, 909 F.2d 15,
 

 -3-

17 (1st Cir. 1990). To the extent, if any, plaintiff is

attempting to attack the constitutionality of New Hampshire

Supreme Court Rule 7 which permits the state supreme court to

"decline to accept an appeal" in its "discretion," as the

district court explained, plaintiff has no constitutional

right to an appeal, Lindsey v. Normet, 405 U.S. 56, 77
 

(1972), and a state court is not required to review a

transcript before deciding whether to accept or reject a

discretionary civil appeal.

 Affirmed.
 

 -4-