998 F.2d 1001
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Joseph B. VITALE, Plaintiff, Appellant,
v.
The Honorable David A. BROCK, et al., Defendants, Appellees.
 No. 93-1475.
 United States Court of Appeals,
First Circuit.
 July 22, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE
 Joseph B. Vitale on brief pro se.
 Jeffrey R. Howard, Attorney General, and Susan S. Geiger, Senior Assistant Attorney General, on brief for appellees.
 D.N.H.
 AFFIRMED.
 Before Breyer, Chief Judge, Selya and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Plaintiff appeals from the summary dismissal of his action. In essence, he wishes to relitigate in federal court challenges to a state court alimony award. We affirm the dismissal.
 
 I.
 
 2
 Plaintiff filed his federal court action against state court judges, a state court marital master, his former wife, and the wife's attorney. Later, he sought to add his own attorney. There was no diversity jurisdiction as all parties were citizens of New Hampshire. Plaintiff, divorced in 1983, complained of a 1989 alimony award requiring him to pay his former wife $525 every month. He stated he was totally disabled, his sole income being from veteran's disability and social security disability benefits. He had moved in state court in 1992 to terminate the 1989 alimony order on two grounds: 1) that the Uniformed Services Former Spouses Protection Act, 10 U.S.C. § 1408, prohibited consideration of veteran disability compensation in computing an alimony award and 2) that state law in effect at the time of divorce (1983) prohibited an award of alimony after the passage of three years. The state superior court had rejected both arguments, the New Hampshire Supreme Court had summarily declined his appeal, and the United States Supreme Court had denied certiorari, plaintiff recounted. Plaintiff sought to litigate these same two challenges to the alimony award in federal court, and he also contended that the New Hampshire Supreme Court had denied him due process by summarily rejecting his appeal without first ordering and reviewing a transcript.
 
 II.
 
 3
 Plaintiff's action was properly dismissed. Plaintiff may not relitigate in federal court the challenges to the alimony award plaintiff presented to the state court. Migra v. Warren City School Dist. Bd. of Ed., 465 U.S. 75, 81 (1984) ("a federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered"); Eastern Marine Construction Corp. v. First Southern Leasing, Ltd., 129 N.H. 270, 525 A.2d 709 (1987); Bricker v. Crane, 118 N.H. 249, 253, 387 A.2d 321, 323 (1978) (party may not contest in a subsequent proceeding any question actually litigated and determined against him in a prior suit).
 
 
 4
 As for plaintiff's contention that the New Hampshire Supreme Court denied him due process by summarily rejecting his appeal, the attack on the state court's order is not cognizable in a lower federal court. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) (lower federal court lacks jurisdiction over claim that state court judgment violated the Constitution); Lancellotti v. Fay, 909 F.2d 15, 17 (1st Cir. 1990). To the extent, if any, plaintiff is attempting to attack the constitutionality of New Hampshire Supreme Court Rule 7 which permits the state supreme court to "decline to accept an appeal" in its "discretion," as the district court explained, plaintiff has no constitutional right to an appeal, Lindsey v. Normet, 405 U.S. 56, 77 (1972), and a state court is not required to review a transcript before deciding whether to accept or reject a discretionary civil appeal.
 
 
 5
 Affirmed.