[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 96-2113 

JOSEPH T. MUIGAI,
D/B/A C.M.S. CONSTRUCTION,

Plaintiff, Appellant,

v.

CITY OF PITTSFIELD, ET AL.,

Defendants, Appellees.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Frank H. Freedman, Senior U.S. District Judge]



Before

Torruella, Chief Judge,
Campbell, Senior Circuit Judge,
and Boudin, Circuit Judge.



Joseph T. Muigai on brief pro se.
Kathleen Alexander, City Solicitor, on brief for appellees.



June 5, 1997


Per  Curiam.   Appellant Joseph Muigai appeals the district

court judgment dismissing his civil rights complaint and

denying  his  request  for  injunctive relief. Essentially for the

reasons given by the district court in its memorandum and

order,  dated  July 17, 1996, we find Muigai's claim for damages

and injunctive relief against the City of Pittsfield and its

employees in their official capacity barred under the

principles of res judicata. Muigai's previous suit in state

court against the City of Pittsfield arose "out of the same

nucleus of operative facts as his present suit and [sought]

redress  for  essentially the same basic wrong. [Thus,] the two

suits [advanced] the same cause of action notwithstanding any

difference  in  remedies  sought or theories of recovery pleaded."

Kale  v.  Combi ned Ins. Co. of America, 924 F.2d 1161, 1166 (1st

Cir.), cert. denied, 502 U.S. 816 (1991). Moreover, the

employees, insofar as they were sued in an official capacity,

were  in  privity with Pittsfield and thus also protected by the

principles  of  res  judicat a. See Seabrook v. New Hampshire, 738

F.2d 10, 11 (1st Cir. 1984). 

However, we question whether the bar applies as well to

his  claims  against the employees in their individual capacity.

Precedent suggests otherwise. Roy v. Augusta, 712 F.2d 1517,

1522  (1st  Cir. 1983) (prior suit against defendant in official

capacity does not bar later suit against same defendant in

individual capacity); Gray v. Lacke, 885 F.2d 399, 404 (7th

-2-

Cir.  1989)  (same), cert. denied, 494 U.S. 1029 (1990); Headley

v.  Bacon ,  828 F.2d 1272, 1279 (8th Cir. 1987) (same); see also

Frost v. Thompson, 219 Mass. 360, 368, 106 N.E. 1009, 1011

(1914)  (res  j udicata applies only if action is brought against

defendant in same capacity as in earlier action). In any

event, the district court should have dismissed the suit

against  the  employees in their individual capacity for lack of

personal jurisdiction. The record makes clear that the

employees were never properly served as required by Fed. R.

Civ.  P.  4.   Furthermore, since the defense of lack of personal

jurisdiction  was  raised  in defendants' first responsive motion,

it was not waived. Absent proper service or waiver thereof,

the district court lacked the authority to adjudicate the

claim. General Contracting & Trading Co. v. Interpole Inc.,

899  F.2d  109, 114 (1st Cir. 1990). This was true even though,

in the instant case, the judgment was in favor of the

defendants. See Northwestern National Casualty Co. v. Global

Moving & Storage, Inc., 533 F.2d 320, 323 (6th Cir. 1976)

("[T]he trial court erred in entering judgment in favor of

[defendants] before determining that it had the requisite

personal jurisdiction.").

The  district  court judgment is affirmed as to the City of

Pittsfield  and  the  employees in their official capacity. It is

vacated as to the employees in their individual capacity and

the  case  is  remanded  to  the district court with instructions to

-3-

enter  an  order dismissing the complaint against these for lack

of personal jurisdiction.

-4-