USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-2113  JOSEPH T. MUIGAI, D/B/A C.M.S. CONSTRUCTION, Plaintiff, Appellant, v. CITY OF PITTSFIELD, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Frank H. Freedman, Senior U.S. District Judge] ____________________ Before Torruella, Chief Judge, Campbell, Senior Circuit Judge, and Boudin, Circuit Judge. ____________________ Joseph T. Muigai on brief pro se. Kathleen Alexander, City Solicitor, on brief for appellees. ____________________ June 5, 1997 ____________________ Per  Curiam.   Appellant Joseph Muigai appeals the district court judgment dismissing his civil rights complaint and denying  his  request  for  injunctive relief. Essentially for the reasons given by the district court in its memorandum and order,  dated  July 17, 1996, we find Muigai's claim for damages and injunctive relief against the City of Pittsfield and its employees in their official capacity barred under the principles of res judicata. Muigai's previous suit in state court against the City of Pittsfield arose "out of the same nucleus of operative facts as his present suit and [sought] redress  for  essentially the same basic wrong. [Thus,] the two suits [advanced] the same cause of action notwithstanding any difference  in  remedies  sought or theories of recovery pleaded." Kale  v.  Combi ned Ins. Co. of America, 924 F.2d 1161, 1166 (1st Cir.), cert. denied, 502 U.S. 816 (1991). Moreover, the employees, insofar as they were sued in an official capacity, were  in  privity with Pittsfield and thus also protected by the principles  of  res  judicat a. See Seabrook v. New Hampshire, 738 F.2d 10, 11 (1st Cir. 1984).  However, we question whether the bar applies as well to his  claims  against the employees in their individual capacity. Precedent suggests otherwise. Roy v. Augusta, 712 F.2d 1517, 1522  (1st  Cir. 1983) (prior suit against defendant in official capacity does not bar later suit against same defendant in individual capacity); Gray v. Lacke, 885 F.2d 399, 404 (7th -2- Cir.  1989)  (same), cert. denied, 494 U.S. 1029 (1990); Headley v.  Bacon ,  828 F.2d 1272, 1279 (8th Cir. 1987) (same); see also Frost v. Thompson, 219 Mass. 360, 368, 106 N.E. 1009, 1011 (1914)  (res  j udicata applies only if action is brought against defendant in same capacity as in earlier action). In any event, the district court should have dismissed the suit against  the  employees in their individual capacity for lack of personal jurisdiction. The record makes clear that the employees were never properly served as required by Fed. R. Civ.  P.  4.   Furthermore, since the defense of lack of personal jurisdiction  was  raised  in defendants' first responsive motion, it was not waived. Absent proper service or waiver thereof, the district court lacked the authority to adjudicate the claim. General Contracting & Trading Co. v. Interpole Inc., 899  F.2d  109, 114 (1st Cir. 1990). This was true even though, in the instant case, the judgment was in favor of the defendants. See Northwestern National Casualty Co. v. Global Moving & Storage, Inc., 533 F.2d 320, 323 (6th Cir. 1976) ("[T]he trial court erred in entering judgment in favor of [defendants] before determining that it had the requisite personal jurisdiction."). The  district  court judgment is affirmed as to the City of Pittsfield  and  the  employees in their official capacity. It is vacated as to the employees in their individual capacity and the  case  is  remanded  to  the district court with instructions to -3- enter  an  order dismissing the complaint against these for lack of personal jurisdiction. -4-