In re John GARLAND and Althea Garland, Debtors.

Thomas SIMS and Birgit Sims, Plaintiffs,

v.

John GARLAND and Althea Garland, Defendants.

Bankruptcy No. 96–12681–MWV.
Adversary No. 97–1052–MWV.

United States Bankruptcy Court,
D. New Hampshire.

Sept. 3, 1998.

Geraldine Karonis, Asst. U.S. Trustee, Manchester, NH, for J. Christopher Marshall.

Grenville Clark, Gray, Wendell & Clark, P.C., Manchester, NH, for John Garland and Althea Garland.

Alex Komaridis, Auburn, NH, for Thomas and Birgit Sims.

## MEMORANDUM OPINION

MARK W. VAUGHN, Bankruptcy Judge.

The Court has before it the Plaintiffs' (Thomas & Birgit Sims) motion for summary judgment on their complaint objecting to the

Defendants'/Debtors' (John and Althea Garland) claim of a homestead exemption on property located on North Road in Deerfield, New Hampshire, and seeking this Court's imposition of a constructive trust in the amount of $42,000. The Debtors/Defendants counterclaim seeking the avoidance of an attachment of $175,000 as preferential and the payment of reasonable rent. At a pretrial hearing held on November 20, 1997, the rent issue was never mentioned nor was it included as an issue in the Defendant's pretrial statement. The Court finds that this counterclaim for reasonable rent has been waived and denies the same. The Court has, by its previous orders, denied the Debtors' claimed homestead exemption in the North Road property and avoided the Plaintiffs' attachment in the amount of $175,000 as being preferential. For the reasons stated below, the motion for summary judgment is denied on the imposition of a constructive trust.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## FACTS

The Plaintiffs are judgment creditors of the Defendants in the amount of $173,645.46 by virtue of a judgment of the Rockingham County Superior Court issued on June 16, 1996. That litigation concerned the real property known as 126 North Road, Deerfield, New Hampshire, and the Defendants' wrongful failure to honor an agreement to allow the Plaintiffs to purchase that property. The superior court, in its eighteen page opinion, found for the Plaintiffs against the Defendants on the grounds of (1) negligent and/or intentional interference with advantageous contractual relationship; (2) bad faith; (3) intentional infliction of emotional distress; and (4) enhanced damages.

On the count for the negligent and/or intentional interference with advantageous contractual relationships, the court awarded money damages of $42,000 to the Plaintiffs, that amount being the loss of the benefit of their bargain, i.e., the difference between the purchase price under the agreement of $90,-000 and the then fair market value of the property of $132,000. It is this $42,000 that the Plaintiffs allege is subject to a constructive trust in their favor. Early in the state litigation, the Plaintiffs obtained an attachment for $50,000, which is not contested.

The Plaintiffs had also filed a petition for specific performance and other relief in the Rockingham County Superior Court on or about April 7, 1994, which they subsequently withdrew. That petition sought specific performance and the imposition of a constructive trust. At the invitation of the Court, the Plaintiffs filed a motion to determine the extent of its lien arguing that, if the Court imposed a constructive trust in the amount of $42,000, that $42,000 would not be property of the estate, and the Plaintiffs would have an attachment of $50,000 over and above the $42,000 constructive trust. During the course of this Chapter 13 proceeding, the real property in question has been sold, and the Chapter 13 trustee is holding the proceeds subject to the claims of the Plaintiffs herein. The parties have filed an agreed list of exhibits and the documents referred to below are all part of that agreed list.

## DISCUSSION

The Court finds that the Plaintiffs are barred from now seeking the imposition of a constructive trust by the doctrine of res judicata or claim preclusion. This defense has clearly been raised by the Defendants in their answer to the original complaint as well as their objection to the motion for summary judgment. There is no question that prior judgments may preclude later litigation both as to matters that have actually been litigated and decided and as to matters that have never been litigated or decided. 18 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 4406-15 (1st ed.1981). The Court will look to New Hampshire law to see if the doctrine of res judicata is applicable to this litigation.

The doctrine of res judicata, "spurred by considerations of judicial economy and a policy of certainty and finality in our legal system," has been established to avoid repetitive litigation. *Eastern Marine Const. Corp. v. First Southern Leasing*, 129 N.H. at 273, 525 A.2d at 711 (quoting *Bricker v. Crane*, 118 N.H. 249, 252, 387 A.2d 321, 323 (1978)). "The essence of the doctrine is that 'a final judgment by a court of competent jurisdiction is conclusive upon the parties in a subsequent litigation involving the same cause of action.'" *Id.* at 273, 525 A.2d at 711–12 (quoting *Bricker v. Crane*, 118 N.H. at 252–53, 387 A.2d at 323, itself quoting *Concrete Constructors, Inc. v. The Manchester Bank*, 117 N.H. 670, 672, 377 A.2d 612, 614 (1977)). The term "cause of action" means the right to recover and refers to all theories on which relief could be claimed arising out of the same factual transaction in question. *Id.* at 275, 525 A.2d at 712. Generally, once a party has exercised the right to recover based upon a particular factual transaction, that party is barred from seeking further recovery, even though the type of remedy or theory of relief may be different. *Id.; see University of N.H. v. April*, 115 N.H. 576, 578, 347 A.2d 446, 449 (1975).

*Radkay v. Confalone*, 133 N.H. 294, 297, 575 A.2d 355 (1990).

There is no question that the relief now sought, the imposition of a constructive trust, arises out of the same factual transaction as the superior court action at law. In fact, the Plaintiffs had filed such a petition in the superior court and then withdrew it. There is no question in reviewing the petition in equity and the action at law that they both were based on the same factual transaction. Indeed, the facts found by the superior court as stated in its opinion clearly resemble the allegations in the petition in equity. The Plaintiffs, for whatever reason, elected to pursue the action at law and have been awarded damages. The constructive trust is clearly a theory arising out of the same factual transaction and could have been pursued in the superior court. Having elected not to do so, the Court finds that the Plaintiffs are now barred in raising this issue by the doctrine of res judicata. The Court,

having denied the imposition of a constructive trust, does not have to reach the issue of the extent of the lien. It is uncontested that the Plaintiffs have a valid attachment against the proceeds in the amount of $50,000.

With this decision, all matters raised by the complaint and counterclaim have been decided. A final judgment will issue granting the Plaintiffs' objection to the Debtors' homestead claim on the North Road property, denying the Plaintiffs' claim for the imposition of a constructive trust, granting Defendants' counterclaim avoiding the $175,000 attachment and denying the Defendants' counterclaim for reasonable rent.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate final judgment consistent with this opinion.