Belknap, }
June, 1898. }

ALTON BAY CAMPMEETING ASSOCIATION v. ALTON.

A stock of groceries kept for sale by an association incorporated for religious, moral, charitable, and benevolent purposes is not exempted from taxation as property held " for the purposes of said corporation."

PETITION, for the abatement of taxes assessed to the plaintiffs in 1897 upon a stock of groceries and food supplies of the value of $500. Facts agreed. The plaintiffs are the Alton Bay Campmeeting Association of the Advent Christian Church, duly incorporated " for such religious, moral, charitable, and benevolent purposes as said corporation may from time to time designate," and authorized to hold real and personal estate, " for the purposes of said corporation, to an amount not exceeding ten thousand dollars," said property to be exempt from taxation. They occupy leased grounds at Alton Bay, and their property does not amount to $10,000. Part of their revenue is derived from the sale of groceries and food supplies during the summer months to all persons desiring to purchase, the average value of the stock not exceeding $500 and the profits of all sales being directly applied toward the support of the association. Two stores for the sale of general merchandise, having no connection with the association, are located within a quarter of a mile of the plaintiffs' grounds.

*Samuel S. Parker*, for the plaintiffs.

*Thomas Cogswell* and *Edwin H. Shannon*, for the defendants.

CLARK, C. J. The plaintiffs' charter provides that they may hold, exempt from taxation, real and personal estate to an amount not exceeding $10,000 for the purposes of the corporation, which are expressed to be such religious, moral, charitable, and benevolent purposes as the corporation may from time to time designate. Laws 1874, c. 173. There is nothing in the character of the property upon which taxes have been assessed by the defendants to designate it as specially adapted to religious, moral, charitable, or benevolent uses or purposes. It is such property as may be found in any grocery store, and was sold without restriction or limitation to any and all persons desiring to purchase. It was not the intention of the legislature to exempt the plaintiffs from taxation as a merchant or trader, and the proposition that the property in which the plaintiffs

trade is exempt by virtue of the provisions of their charter cannot be supported. *Souhegan Factory* v. *McConihe*, 7 N. H. 309.

If the plaintiffs can sell groceries on their grounds, exempt from taxation, what legal principle will prevent them from selling like goods elsewhere with the same privilege? Would there be any legal objection if the plaintiffs should purchase one of the stores in the village of Alton Bay and carry on a grocery business there? The owner of the other village store might object to his competitor's exemption from taxation; but there could be no legal distinction between a business carried on by the plaintiffs in the village of Alton Bay and a similar business conducted on their camp-ground.

In *Academy* v. *Exeter*, 58 N. H. 306, it was held that a building used partly as a dormitory and students' boarding house, and partly as a public house, is not exempted from taxation, under a provision that " all lands, tenements, and personal estate that shall be given to the trustees for the use of the academy shall be and hereby are forever exempted from all taxes whatsoever." The court said (*p.* 307): " It will never be assumed that the government intended to release any part of the property entitled to its protection from the burden incident to such protection, and it is the duty of those who assert that claim to show it in language which can admit of no other conclusion; and where doubt arises as to the meaning of the language used which it is claimed confers the exemption, it will be construed most strongly against those who maintain the exemption."

The doctrine of these cases does not sustain the abatement of the tax in this case.

*Petition dismissed.*

All concurred.