Hillsborough,
No. 4434.

### GREATER LOWELL GIRL SCOUT COUNCIL, INC.

*v.*

### PELHAM.

Argued October 4, 1955.
Decided October 24, 1955.

*McLane, Carleton, Graf, Greene & Brown* and *Wesley E. Whitney* (*Mr. Whitney* orally), for the petitioner.

*Hamblett, Moran & Hamblett* (*Mr. David H. Hamblett* orally), for the defendant.

KENISON, C. J. The petitioner's right to tax exemption is governed by R. L., c. 73, s. 24, as amended by Laws 1945, c. 141, s. 1. The material part of this statute reads as follows: "INSTITUTIONAL EXEMPTIONS. The personal property of institutions devoted to educational purposes, charitable and religious societies, and of temperance societies, incorporated or organized within this state, and the real estate owned and occupied by them, their officers, or their students for the purposes for which they are established . . . shall be exempt from taxation, provided none of the income or profits of the business of such corporations or institutions is divided among the stockholders or members, or is used or appropriated for other than educational, charitable or religious purposes. . . . "

As a general proposition non-profit institutions, societies and organizations promoting Boy Scout and Girl Scout programs and activities are charitable in nature and purpose. *Tillinghast* v. *Boy Scouts*, 47 R. I. 406; *Tharpe* v. *Central Georgia Council, B. S. A.*, 185 Ga. 810; *Darlington's Estate*, 289 Pa. 297. They are considered charities since their primary objective is training young people for citizenship. 3 Scott, Trusts, s. 370.3. See *Charter Oak Council, B. S. A.* v. *New Hartford*, 121 Conn. 466. This conclusion is supported by the Restatement, Trusts, s. 370, *comment* f: "A trust for the purpose of training boys or girls in citizenship, character and leadership is charitable. Thus, a trust to promote the purposes of such organizations as that of the Boy Scouts or Girl Scouts is charitable." While the litigated cases are not numerous, they are quite uniform in holding that Boy Scout or Girl Scout organizations are charitable and therefore entitled to exemption from taxation as charities if they meet the other necessary tests prescribed by the local tax statute. Anno. 116 A. L. R. 378.

The petitioner is a voluntary corporation organized in this state. That portion of its property found to be tax exempt is owned and occupied by it and does not exceed in value the limits of the institutional exemption of one hundred fifty thousand dollars (R. L., c. 73, s. 25). The petitioner diverts none of the income or profits

to its members or stockholders or uses them for other than charitable purposes. The petitioner's real estate is used for the charitable purposes for which it was established. Thus it is a public charity and complies with all the express requirements of R. L., c. 73, s. 24, as amended. *Young Women's Christian Ass'n* v. *Portsmouth*, 89 N. H. 40. See *Sisters of Mercy* v. *Hooksett*, 93 N. H. 301, 309.

The defendant contends that since the petitioner is established and operated primarily for the benefit of nonresidents of New Hampshire it should not be and cannot be entitled to a tax exemption. Reliance is placed on *Carter* v. *Whitcomb*, 74 N. H. 482, 489, 491, decided in 1908 and a quotation from that case in *Hedding Camp Meeting Ass'n* v. *Epping*, 88 N. H. 321, 324. The *Carter* case was concerned with the effect of the predecessor of our present legacy and succession tax, which now appears in RSA 86:6, on a trust for the primary purpose of "the evangelization of heathen women [in foreign lands and] the enlightenment upon religious subjects of the natives of the antipodes." As a matter of practice the trust had devoted substantially all of its funds to charities outside the state and it did not appear whether it had the right to use its money for local purposes. Upon the facts of that case it was decided that there was no substantial benefit or advantage to the public of this state and the trust was denied tax exemption status under the legacy and succession tax statute. The *Carter* case was quoted briefly and relied on without much discussion in the *Hedding* case *supra*, decided in 1937.

In 1942, in *Souhegan National Bank* v. *Kenison*, 92 N. H. 117, 122, the *Carter* case was limited and the decision expressly confined to the facts of that case. "The interest of the public in charities outside the state has been questioned. *Carter* v. *Whitcomb*, 74 N. H. 482, 489, 490. But the decision there was expressly confined to 'the purposes of the case,' and applied only to the taxation of legacies to such charities. The public interest is minor compared with that in local charities, but it is sufficient for the enforcement of the charity by the Attorney-General." There is no express provision in R. L., c. 73, s. 24, as amended, that a charitable society organized in this state must be a substantial benefit or advantage to the public of this state. If the dim view the court took of the primary objectives of the trust in the *Carter* case was instrumental in inserting this as a judicial requirement in addition to the statutory tests, it was quietly and judicially excised in the *Souhegan* case, *supra*. Undoubtedly there may be good reasons

in logic and policy why charities should benefit the state if they are to enjoy tax exemption but that tax policy should be dictated by the Legislature and not originated by the Court. *Trustees &c. Academy* v. *Exeter*, 92 N. H. 473, 478. See *Allen* v. *Bemis*, 99 N. H. 247. Massachusetts, which has a tax exemption statute similar to ours, recently affirmed its long standing rule that a charitable society is not required to serve only citizens of that commonwealth in order to retain its tax exemption status. *Old Colony Trust Co.* v. *Commissioner of Corporations and Taxation*, 331 Mass. 329, 339. See also, *Camp Associates* v. *Lyman*, 132 Me. 67, 69.

It is significant that after this action was instituted the Legislature in 1955 added the following proviso to R. L., c. 73, s. 24, as amended: "and provided, further, no such institutions, societies, or corporations, other than those devoted to educational or religious purposes and those hereinabove specifically named, shall be entitled to such tax exemption if organized or incorporated for the principal purpose of benefiting persons who are not residents of New Hampshire or if in fact conducted or operated principally for the benefit of persons who are not residents of New Hampshire." Laws 1955, c. 157. This statute became effective May 21, 1955, and therefore has no application to the 1953 taxes involved in this proceeding. The ruling of the Trial Court that a certain portion of the petitioner's property as described in the decree is used for a charitable purpose and therefore tax exempt is affirmed. This makes it unnecessary to consider the defendant's exceptions to the Court's findings relating to the benefit that the petitioner afforded to the people of New Hampshire by the operation of its camp and the order is

*Exceptions overruled.*

All concurred.