Belknap
No. 7844

CHRISTIAN CAMPS & CONFERENCES, INC.

v.

TOWN OF ALTON

May 17, 1978

352

*Orr & Reno*, of Concord (*Leo B. Lind, Jr.* orally), for the plaintiff.

*Snierson & Chandler*, of Laconia (*John P. Chandler* orally), for the defendant.

BEAN, J. (By special assignment pursuant to RSA 490:3.) Petition for abatement of property taxes assessed by the defendant town for the tax year beginning April 1, 1975. Hearing before a Master, *Charles T. Gallagher*, Esquire, resulted in a report recommending the granting of the petition, which was affirmed by the Superior Court, *Keller*, C.J., who reserved and transferred defendant's exceptions to certain findings of fact and rulings of law.

The plaintiff is a Massachusetts corporation with a principal place of business in Alton, New Hampshire. It has secured a ruling from the Internal Revenue Service that it is a charitable corporation within the meaning of the federal tax laws.

The plaintiff's purposes include:

1. Owning and operating year-round nonprofit camp properties, with programs designed in furtherance of the religious, educational, charitable and scientific purposes of the corporation and with particular emphasis upon evangelism and Christian education.

2. Cooperating with churches, schools, colleges, universities and other religious or educational groups or institutions, private agencies or foundations, and with any other persons or organizations, in the development and implementation of programs and activities designed to instill and reinforce religious beliefs in men and women and more particularly in boys and girls.

The plaintiff acquired two previously "for profit" summer camps, in the year 1973. It did not operate the camps during that year, but has operated them every year since. The property consists of 125 acres on the shore of Lake Winnipesaukee and an additional 50 acres located on the high ground behind the camp and away from the lake. The plaintiff operates Camp Brookwoods for boys and Camp Deer Run for girls on its property. The camp property is used before and after the camping season for conferences and retreats by groups who

seek the solitude and beauty of the property to concentrate on the purposes of their meetings. While the camping operations have shown a consistent loss, the retreats and conferences probably break even.

The summer camps and conferences are oriented toward an understanding of the tenets of the Christian religion, in addition providing all of the programs of the better summer camps for young people. The property itself consists of various camp buildings and recreational facilities including tennis courts, ball fields, docking facilities and trails for hiking and overnight camping.

During its first full year of operation, 1974, the plaintiff sought an exemption from taxation from the defendant town. Upon a denial of this request, the plaintiff appealed to the State of New Hampshire Board of Taxation. The board denied the exemption on the grounds that the taxpayers' religious activity "is not such as to exempt taxpayer from taxation." This denial was not appealed.

For the tax year 1975, the plaintiff again requested an exemption from the defendant town, which again was denied. The plaintiff appealed to the superior court from whose decision granting the exemption the defendant town has filed the present appeal. For the reasons stated hereinafter, we affirm the decision of the superior court.

It is elemental that determination of the rights of plaintiff to an exemption from taxation is statutory. The existence and extent of exemptions depends on legislative edict. *Appalachian Mountain Club v. Meredith*, 103 N.H. 5, 163 A.2d 808 (1960). The defendant contends that plaintiff elected to seek exemption under RSA 72:23 III as a religious organization rather than under RSA 72:23 V as a charitable organization. It asserts that this was plaintiff's position before the State board of taxation with respect to its 1974 abatement request and that plaintiff similarly postures itself in the present proceeding. As the master found as a fact that plaintiff's ownership and use had not changed in the interim, defendant maintains that plaintiff is bound by the doctrine of res judicata since they took no appeal from the board's decision against exemption in the 1974 proceeding.

Res judicata is a doctrine judicial in origin which applies to repetitious suits involving the same cause of action. *Concrete Constructors, Inc. v. Manchester Bank*, 117 N.H. 670, 377 A.2d 612 (1977). The claim by the defendant town of the benefits of this doctrine is inapt, since the claim in the instant case is for a different

tax year and results from a different assessment, and therefore involves a different cause of action. *Ainsworth v. Claremont,* 108 N.H. 55, 226 A.2d 867 (1967). Res judicata rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that a final judgment on the merits is an absolute bar to a subsequent action by the parties or their privies as to every matter litigated, and to any other matter which might have been litigated for the purpose of sustaining or defeating the claim. *Bricker v. Crane,* 118 N.H. 249, 387 A.2d 321 (1978); *McGrath v. McGrath,* 109 N.H. 312, 251 A.2d 336 (1969); *Ainsworth v. Claremont supra.*

But where the second action between the same parties is upon a different cause or demand, as in the present case, then the principle of res judicata is applied much more narrowly. In this situation the judgment in the prior action operates as an estoppel, but only as to those matters in issue or points controverted, upon which the finding or verdict was rendered. In this sense res judicata is referred to as collateral estoppel. *Bricker v. Crane supra; Lovejoy v. Ashworth,* 94 N.H. 8, 9, 10, 45 A.2d 218, 219 (1946).

The board of taxation in the 1974 action found that the plaintiff was not entitled to an abatement because "[T]he main activity conducted at taxpayers' property is that of a summer camp for boys and girls. Religious activity is slight and subordinate relative to the camping activity. . . . Too little use is made of taxpayers' property (as a retreat)." In terms of the statutory requirement of RSA 72:23 V, the board found that the taxpayer's "religious activity is not such as to exempt taxpayer from taxation." There was no appeal from this denial.

The master found that the principle of collateral estoppel applied as there was no evidence submitted to show that the activities of the plaintiff were significantly different in 1975 than they were in 1974. However, the master also found that the doctrine of collateral estoppel does not apply to issues of law which were decided erroneously, particularly where injustice would result, and recommended a ruling for plaintiff on the basis of an unjust denial by the board of taxation because of a "legal technicality," insofar as it had been contended before him that collateral estoppel barred relief to the plaintiff. This recommendation was accepted by the court.

Although the board of taxation found that the plaintiff's activities were primarily secular in nature, the master contends that the error

of law committed by the board consisted of not determining plaintiff's status as a charitable organization, citing *Greater Lowell Girl Scout Council, Inc. v. Pelham*, 100 N.H. 24, 117 A.2d 325 (1955). *See also Association v. Alton*, 69 N.H. 311, 45 A. 95 (1898). Thus, the question before us is whether plaintiff's present contention of entitlement to exemption as a charitable organization is barred by collateral estoppel resulting from the earlier holding that plaintiff was not entitled to such an exemption as a religious organization.

It is apparent from examination of the decision of the board of taxation that it considered and determined plaintiff's eligibility for exemption in a religion-related context and not as a charitable organization as that term appears in RSA 72:23 V and as has been interpreted by this court in *Y.W.C.A. v. Portsmouth*, 89 N.H. 40, 192 A. 617 (1937) and *Association v. Alton supra*. For this reason the doctrine of collateral estoppel is inapplicable to the board of taxation's decision, and the plaintiff is not precluded from a new determination of its status in the principal case.

The master has found that plaintiff is a charitable organization that owns and uses all of the property involved for charitable purposes, and that plaintiff "is a trust for the purpose of training boys and girls in citizenship, character and leadership." The master further found that the religious aspects of plaintiff's operations were relevant at self-improvement on the part of individual campers, thus implementing the plaintiff's trust objectives and distinguishing plaintiff's operations from a commercially operated summer camp.

The findings and rulings of the master, accepted by the lower court, may be reversed only upon errors of law or if the findings are not supported by the evidence. *Sawin v. Carr*, 114 N.H. 462, 467, 323 A.2d 924, 927 (1974); *Sheris v. Morton*, 111 N.H. 66, 69, 276 A.2d 813, 815 (1971). It is our conclusion that the master's findings and rulings are supported by the evidence and are legally correct, and therefore must stand.

*Exceptions overruled.*

LAMPRON, J., did not sit; JOHNSON, J., sat by special assignment under RSA 490:3; all concurred.