Hillsborough-northern judicial district
No. 99-276

K. NOREEN GOFFIN

v.

CHRISTIAN E. TOFTE

May 9, 2001

*Moquin & Daley, P.A.*, of Manchester (*Martin R. Jenkins* on the brief, and *Terrence J. Daley* orally), for the plaintiff.

*Getman, Stacey, Tamposi, Schulthess & Steere, P.A.*, of Bedford (*John A. Curran* and *Jill A. DeMello* on the brief, and *Mr. Curran* orally), for the defendant.

BROCK, C.J. The plaintiff, K. Noreen Goffin, appeals from an order of the Superior Court (*Barry*, J.) dismissing her action against the defendant, Christian E. Tofte, on the basis of res judicata. We reverse and remand.

The relevant facts follow. In 1995, Tofte, a home construction and remodeling contractor, sued Goffin in small claims court for failure to pay the full contract price for work he performed on her house. Goffin removed the action to superior court and counterclaimed. She alleged that Tofte's work was incomplete, he failed to perform this work in a good and workmanlike manner, and these defects caused significant economic damage. After a bench trial, Goffin prevailed and was awarded more than $33,000 in damages. Soon thereafter, Tofte filed for bankruptcy.

In 1998, Goffin filed a negligence action against Tofte. She alleged that in May 1995, while Tofte was working on her home, he caused her to step into the construction area where she fell and injured herself. According to Goffin, Tofte's negligent management of the construction area caused her injuries.

Tofte successfully moved to dismiss on the grounds of res judicata. The trial court ruled that because the 1998 negligence claim arose out of the same factual transaction as the 1995 breach of contract action, it should have been brought at the same time.

On appeal, Goffin first asserts that she may bring her action because her tort claim is separate and distinct from her previous contract claims.

"We review motions to dismiss to determine if the plaintiff's allegations are reasonably susceptible of a construction that would permit recovery." *Langlois v. Pomerleau*, 143 N.H. 456, 460 (1999) (quotation omitted). We assume the truth of all well-pleaded facts alleged by the plaintiff, construing all inferences in the light most favorable to the plaintiff. *See Bohan v. Ritzo*, 141 N.H. 210, 213 (1996).

■ If a defendant files a counterclaim in an action, a second action initiated by the defendant may be precluded on the basis of res judicata if it arises out of the same factual transaction as the counterclaim in the prior suit. *See Scheele v. Village District*, 122 N.H. 1015, 1019-20 (1982). Tofte asserts that the trial court properly

dismissed Goffin's negligence claim because it arises from the same factual transaction as her counterclaims. We disagree.

"Under res judicata, a final judgment by a court of competent jurisdiction is conclusive upon the parties in a subsequent litigation involving the same cause of action." *West Gate Village Assoc. v. Dubois*, 145 N.H. 293, 296 (2000) (quotation omitted). Thus, "[o]ur inquiry, when determining whether res judicata bars a subsequent action, is whether the second action constitutes a different cause of action from the first." *Shepard v. Town of Westmoreland*, 130 N.H. 542, 544 (1988). We have defined a "cause of action" as "all theories on which relief could be claimed on the basis of the factual transaction in question." *Eastern Marine Const. Corp. v. First Southern Leasing*, 129 N.H. 270, 275 (1987). Thus, "once a party has exercised the right to recover based upon a particular factual transaction, that party is barred from seeking further recovery, even though the type of remedy or theory of relief may be different." *Radkay v. Confalone*, 133 N.H. 294, 298 (1990).

 Because Goffin's current action is based on a factual transaction distinguishable from her counterclaims, it constitutes a different cause of action. Goffin's counterclaims arose from her contractual relationship with Tofte in the remodeling of her house. As a result, the facts relevant to the previous claims involved the parties' mutual promises concerning their construction contract and whether those promises had been fulfilled. The factual transaction at issue here, however, involves Tofte's alleged negligent contact with Goffin while he was working on her house and her physical injuries stemming from that contact. These facts did not form a basis for Goffin's counterclaims. Because her negligence claim does not flow from the same factual transaction as her counterclaims, she may bring it in a separate action. *Cf. Boucher v. Bailey*, 117 N.H. 590, 592 (1977).

In light of this ruling, we need not address Goffin's remaining argument. We have reviewed Tofte's remaining arguments and find them to be without merit and warranting no further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322 (1993).

*Reversed and remanded.*

HORTON, J., sat for oral argument but retired prior to the final vote; BRODERICK, NADEAU and DALIANIS, JJ., concurred.