**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2022-0457, <u>Chase Cutts Brigham Neighborhood Association, Inc. & a. v. City of Portsmouth</u>, the court on May 21, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiffs, Chase Cutts Brigham Neighborhood Association, Inc., Marilee Clark, Hal Clark, Eldon Collymore, Carolyn O'Connor Collymore, Mary Anne Gauthier, Natasha Karlin, Jason Karlin, Bernice Kowalski-Richards, Edward W. Richards, and Diane Chalifour, appeal a decision of the Superior Court (<u>Honigberg</u>, J.) dismissing their complaint requesting declaratory and injunctive relief against the defendant, the City of Portsmouth (City), on the ground that the suit is barred by res judicata. We affirm.

I.      <u>Background</u>

The record supports the following facts. In 2016, the City proposed a citywide rezoning initiative to establish three zoning "Gateway Districts." The three proposed zoning districts would range from allowing greater density and larger and taller buildings to allowing less density, lower building heights, and smaller mixed uses. In August 2017, the City identified several properties on Chase Drive and Cutts Avenue to be rezoned as part of this initiative. Those properties included 200 Chase Drive, which is owned by the intervenor, Bethel Assembly of God, Inc. (the Church), and three residential properties abutting 200 Chase Drive. The City Council approved the Gateway Districts rezoning initiative in December 2017.

Subsequently, the Church sought approval from the City's planning board to subdivide its property and construct a 22-unit apartment building, which the planning board granted in 2020. All the plaintiffs in the instant action — except Chalifour — timely appealed that decision to the superior court (the planning board appeal). In January 2021, the superior court affirmed the planning board's decision, and all the present plaintiffs, save Chalifour, appealed that decision to this court. <u>See Chase Cutts Brigham Neighborhood Association, Inc. & a. v. City of Portsmouth</u>, No. 2021-0196 (non-precedential order at 1), 2022 WL 1416502 (N.H. Apr. 25, 2022). We affirmed — our decision became final in June 2022.

On July 7, 2021, while that appeal was pending before this court, the plaintiffs filed in superior court the instant action seeking declaratory and injunctive relief against the City. In their complaint, the plaintiffs allege that the zoning initiative approved in 2017 was void because they were not given proper notice of the public hearings leading to its approval, and that the rezoning of 200 Chase Drive and abutting properties constituted illegal spot zoning. The plaintiffs sought an injunction preventing the City from issuing a final construction permit to the Church for its proposed apartment building. The trial court ultimately dismissed the action, concluding that under the doctrine of res judicata, the plaintiffs' claims were barred by the January 2021 decision of the superior court that affirmed the 2020 planning board decision approving the Church's application to subdivide its property and construct the apartment building. This appeal followed.

II.    Analysis

Generally, when reviewing a trial court's ruling on a motion to dismiss, we consider whether the plaintiffs' allegations are reasonably susceptible of a construction that would permit recovery. Graham v. Eurosim Constr., 175 N.H. 633, 636 (2023). However, when a litigant moves to dismiss based exclusively upon res judicata, which is an affirmative defense, the movant — here, the City — bears the burden of proving its application. See id. at 636-37. Because the trial court determined that res judicata applied as a matter of law, our review is de novo. Id. at 637.

Res judicata is a judicial doctrine that prevents a losing party from obtaining a second review of a claim after having failed to obtain relief in its first attempt. It is rooted in a policy that those who have litigated a dispute are bound by the results of the first litigation and that issues that were or could have been resolved in the first case are settled as between the parties. See Christian Camps & Conferences v. Town of Alton, 118 N.H. 351, 353-54 (1978); Baldwin v. Traveling Men's Assn., 283 U.S. 522, 525 (1931). The doctrine applies when three elements are met: (1) the parties must be the same or in privity with one another; (2) the same cause of action must be before the court in both instances; and (3) a final judgment on the merits must have been rendered in the first action. Kalil v. Town of Dummer Zoning Bd. of Adjustment, 159 N.H. 725, 730 (2010). The plaintiffs challenge the trial court's rulings on elements one and two.

We begin by considering whether the parties were the same or in privity with one another. It is undisputed that all of the parties in the instant action, other than plaintiff Chalifour, are the same parties as in the previous action. The issue is whether Chalifour is in privity with the plaintiffs from the first action.

2

Here, the trial court stated that Chalifour is similarly situated to the plaintiffs in the previous action "in every imaginable way: she resides in the same neighborhood, has the same quarrels with the City's actions, and like many of the other Plaintiffs, took part in the planning board process." Her claims, as the trial court noted, "are not unique as compared to the other plaintiffs."

While the term "privity" includes a variety of pre-existing substantive legal relationships such as that between a property owner and the property owner's successor in interest, Sleeper v. Hoban Family P'ship, 157 N.H. 530, 534 (2008), "we have used the term more broadly to refer to a functional relationship, in which, at a minimum, the interests of the non-party were in fact represented and protected in the prior litigation," id. (quotation omitted). Having reviewed the record before us, we agree with the trial court's conclusion that, in this case, "a 'functional relationship' exists between Plaintiff Chalifour and the plaintiffs in the [previous litigation], because her interests were in fact represented and protected in the prior litigation." (Quotation omitted.) Thus, the trial court did not err by concluding that Chalifour was in privity with the plaintiffs in the previous litigation.

We next address whether the instant suit advances the "same cause of action" as the prior litigation. A "cause of action" is "the underlying right that is preserved by bringing a suit or action." Finn v. Ballentine Partners, LLC, 169 N.H. 128, 147 (2016) (quotation omitted). It encompasses "all theories on which relief could be claimed on the basis of the factual transaction in question." Sleeper, 157 N.H. at 534 (quotation omitted). Our primary inquiry "in determining whether two actions are the same cause of action for the purpose of applying res judicata" is to "consider whether the alleged causes of action arise out of the same transaction or occurrence." Id. (quotation and brackets omitted). We have relied on the factors identified in the Restatement (Second) of Judgments § 24 to guide our determination as to whether the facts constitute a single transaction or occurrence. See Finn, 169 N.H. at 147-48. The Restatement provides that such a determination should be made "pragmatically" by "giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Restatement (Second) of Judgments § 24(2), at 196 (1982).

As we have long recognized, res judicata rests, inter alia, "upon considerations of . . . public policy favoring the establishment of certainty in legal relations." Christian Camps & Conferences, 118 N.H. at 354. "Whether a claim is barred by res judicata is determined on a case by case basis." Hallisey v. DECA Corp., 140 N.H. 443, 445 (1995).

Viewed pragmatically, the two suits here involve the same cause of action. As the trial court concluded, the plaintiffs' allegations "make clear that the crux of their claims seeks to undo the [planning] board's approval of the Church's proposed 22-unit apartment building." This objective evidence of the plaintiffs' motivation supports applying the doctrine of res judicata. The trial court further noted that the plaintiffs were aware of the claims in the instant action prior to appealing the planning board's approval of the Church's proposal, and concluded that those claims could, and should, have been brought when the plaintiffs appealed the planning board's approval of the Church's proposal. Thus, consideration of all of the plaintiffs' claims was possible in the superior court, where they could have formed a convenient trial unit.

Application of the doctrine of res judicata on the facts of this case furthers the public policy that underlies the doctrine — the establishment of certainty in legal relations. Promoting certainty applies with special force in this area of the law. In 2019, the legislature declared that "[a]n adequate supply of housing that is affordable to a range of incomes is essential to New Hampshire's economic and community development goals. Laws 2019, 346:259, I. The legislature further found that among the factors that inhibit the ability to meet the demand for new housing are practices that impose costly delays as well as the costs of litigation. Laws 2019, 346:259, V. This case amply illustrates those concerns: the planning board approved the Church's proposal in February 2020, over four years ago. The appeals from that decision were concluded in June 2022, nearly two years ago. Further delay and further litigation seeking to undo the planning board's approval of the proposed apartment building based upon claims that were known, or should have been known, to the plaintiffs and that could have been brought in the initial litigation will undermine the certainty that our judicial system should strive to promote. In sum, res judicata is a judicial doctrine to be applied, on a case-by-case basis, pragmatically, so as to further the public policy favoring the establishment of certainty in legal relations. Because the trial court did not err by applying that doctrine here, we affirm its decision.

<u>Affirmed</u>.

MACDONALD, C.J., and DONOVAN and COUNTWAY, JJ., concurred; BASSETT and HANTZ MARCONI, JJ., dissented; HICKS, J., sat for oral argument but did not participate in the final vote, <u>see</u> N.H. CONST. pt. II, art. 78.

**Timothy A. Gudas,**
**Clerk**

BASSETT and HANTZ MARCONI, JJ., dissenting. Because we believe that the present suit does not constitute the same cause of action as the prior suit, we would reverse the trial court's ruling and allow the plaintiffs' suit to proceed. We therefore respectfully dissent.

We agree with the law of res judicata as set forth by the majority, see, e.g., Kalil v. Town of Dummer Zoning Bd. of Adjustment, 159 N.H. 725, 730 (2010), and with its articulation of the relevant factors we should consider when determining whether two suits constitute the same cause of action: whether the facts underlying each action "are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage," Restatement (Second) of Judgments § 24(2), at 196 (1982); see also Finn v. Ballentine Partners, LLC, 169 N.H. 128, 147-48 (2016). We also agree with the majority that the plaintiffs' motivation in pursuing this suit is the same as the motivation of the planning board appeal: to prevent construction of the Church's proposed apartment building. However, the motivation of the suit is but one factor to be considered, see Restatement (Second) of Judgments § 24(2), at 196, and we disagree with how the majority applies the remaining Restatement factors to the facts of this case. Upon considering the relevant factors, we would conclude that this suit does not "arise out of the same transaction or occurrence" as the prior litigation. Finn, 169 N.H. at 147.

The two suits do not originate from the same set of facts. The plaintiffs' current claim that the citywide rezoning initiative should be invalidated arises from the factual allegation that, in August 2017, the City failed to provide written notice to affected property owners regarding the public hearings on the rezoning initiative that was later approved in December 2017. Similarly, the plaintiffs' spot zoning claim arises out of the City's 2017 approval of the rezoning initiative. By contrast, the planning board appeal arose out of the planning board's approval in February 2020 of the Church's proposed project. Specifically, the first suit challenged the planning board's decisions "to grant conditional use permits and preliminary and final subdivision approval to the [Church]." Chase Cutts Brigham Neighborhood Association, Inc. & a. v. City of Portsmouth, No. 2021-0196 (non-precedential order at 1), 2022 WL 1416502 (N.H. Apr. 25, 2022). In short, the two suits challenge two different decisions by two distinct municipal bodies: the planning board's decision to approve a discrete project on one hand, and the process utilized by the City Council to approve a citywide rezoning initiative on the other hand. See Goffin v. Tofte, 146 N.H. 415, 417 (2001) (holding two suits did not arise from same factual transaction because first suit arose out of contractual relationship between the parties and second suit originated from defendant-contractor's negligent conduct towards plaintiff while working at her home pursuant to that contract). Further, the facts underlying each suit are not temporally related — the conduct giving rise to each suit occurred over two years apart.

Finally, although we share the majority's concern about ensuring the establishment of certainty in legal relations, we do not think that treating these two suits as arising out of distinct factual transactions would be contrary to "the parties' expectations or business understanding or usage." Restatement (Second) of Judgments § 24(2), at 196. In the instant suit, the plaintiffs assert their statutory right to notice of public hearings on the Gateway Districts rezoning initiative. See RSA 675:7, I-a (Supp. 2023) (requiring notice of public hearings regarding proposed zoning ordinance amendment to be sent by first class mail to affected property owners under certain circumstances). Such a challenge to an ordinance amendment may be brought anytime within five years of the enactment. See RSA 31:126 (2019) ("Any claim that municipal legislation is invalid for failure to follow statutory enactment procedure . . . may be asserted within 5 years of the enactment of the legislation and not afterward."). Given the five-year period provided for in RSA 31:126, the City — and any private parties relying upon the ordinance terms — were on notice that the rezoning initiative was subject to challenge based upon any procedural infirmities by the plaintiffs or other interested parties for five years after its enactment in December 2017. See Blue Jay Realty Trust v. City of Franklin, 132 N.H. 502, 512 (1989) ("[A]s long as [certain individuals] can collaterally attack the validity of the ordinance, towns and parties to real estate transactions will have to live with the possibility of supposedly unforeseeable attacks.").

In sum, we believe that a consideration of the relevant Restatement factors supports the conclusion that the two suits arose out of distinct factual transactions and therefore constitute different causes of action. See Cook v. Sullivan, 149 N.H. 774, 777 (2003) (application of res judicata is "determined on a case-by-case basis"). Because it is the City's burden to prove that all three res judicata elements have been met, see Graham v. Eurosim Constr., 175 N.H. 633, 636-37 (2023), we need not consider the privity issue. We would conclude that the instant action is not barred by res judicata and reverse the trial court's dismissal of the suit. Accordingly, we respectfully dissent.